**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

FILED

SEP -7 PM 4: 35

SEP - 7 2007

NANCY M.
MAYER-WHITTINGTON
CLERK

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| Jamie Moorby<br>2919 10th St., NE<br>Washington, DC 20017, | )<br>)<br>) |
| PLAINTIFF, | )<br>) |
| vs. | )<br>) |
| Quantum, Inc.<br>754 Washington St.<br>Eugene, OR 97401 | )<br>)<br>)<br>) |
| and | )<br>) |
| Vitamin Shoppe Industries Inc.<br>2101 91st St.<br>North Bergen, NJ 07047 | )<br>)<br>)<br>) |
| DEFENDANTS. | )<br>) |

Civil Action No. _____

**NOTICE OF REMOVAL**

Case: 1:07-cv-01596
Assigned To : Friedman, Paul L.
Assign. Date : 9/7/2007
Description: General Civil

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441 *et seq.*, defendant Vitamin Shoppe Industries, Inc.

("Vitamin Shoppe"), with the written consent of defendant Quantum, Inc. ("Quantum), hereby

removes this civil action from the Superior Court of the District of Columbia, Civil Division, to

the United States District Court for the District of Columbia. The district courts have removal

jurisdiction over civil actions "of which the district courts have original jurisdiction." 28 U.S.C.

§ 1441(a). This Court has original jurisdiction because this action i) arises under the laws of the

United States (28 U.S.C. § 1331) and ii) the matter in controversy exceeds the sum or value of

$75,000, exclusive of interest and costs, and the action arises between citizens of different states

(28 U.S.C. § 1332).

In further support of this Notice, Vitamin Shoppe alleges:

1. On August 10, 2007, Vitamin Shoppe was served with a Complaint styled *Jamie Moorby v. Quantum, Inc., et al.*, Civil Action No. 5495-07, that had been filed in Superior Court, Civil Division, for the District of Columbia. Defendant Quantum was served on August 28, 2007.

2. The Complaint purports to allege violations of D.C. Code § 3904 (District of Columbia Consumer Protection Procedures Act) flowing from alleged violations of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 et seq., and the Federal Trade Commission Act, 15 U.S.C. § 41, *et seq.* The allegations of the Complaint are claims arising under the laws of the United States, and as such the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331. *See Grable & Sons Metal Prods., Inc. v. Darue Engineering and Mfg.*, 545 U.S. 308 (2005).

3. There is complete diversity of citizenship in this case and the jurisdictional amount in controversy has been alleged, and as such the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

4. Plaintiff Jamie Moorby is a citizen of Washington, D.C. (Complaint ¶ 1.) Vitamin Shoppe is a New York corporation having a principal place of business in New Jersey. (Complaint ¶ 3.) Quantum is an Oregon corporation having a principal place of business in Oregon. (Complaint ¶ 2.)

5. The Complaint identifies no specific amount in controversy. While Vitamin Shoppe believes that various grounds exist for dismissal of the Complaint and that Plaintiff is entitled to no relief of any kind, under applicable law the amount in controversy exceeds $75,000 in connection with each of three alleged bases for an award. Plaintiff purports to bring this action on behalf of herself "and the general public" (Complaint ¶ 1), and seeks damages equal to a

00022642

statutory minimum of $1,500 per violation. (Complaint, Prayer for Relief, ¶ 2[1]) Defendants are alleged to have violated the law, *inter alia*, with each sale of the subject product, and more than fifty units of the product were sold within the three years preceding the filing of the Complaint. *See* D.C. Code § 12-301 (8). Plaintiff has also sought the recovery of "reasonable attorney's fees" pursuant to D.C. Code § 28-3905(k)(1). (Complaint, Prayer for Relief, ¶ 4.) On information and belief, Plaintiff anticipates that its reasonable attorney's fees would exceed $75,000 to pursue the case to final judgment. Finally, Plaintiff seeks punitive damages pursuant to D.C. Code § 28-3905(k)(1). (Complaint, Prayer for Relief, ¶ 3.) On information and belief, Plaintiff anticipates that it would be entitled to an award of punitive damages in excess of $75,000 if it were to prevail.

6.    Pursuant to 28 U.S.C. § 1446(a), attached as Exhibit A is a copy of all process, pleadings, and orders served on defendants.

7.    Vitamin Shoppe has timely filed this Notice of Removal within thirty days of its receipt by service or otherwise of the Complaint. 28 U.S.C. § 1446(a).

8.    Pursuant to 28 U.S.C. § 1446(d), Vitamin Shoppe shall file a copy of this Notice with the Clerk of the Superior Court of the District of Columbia, and serve a copy of this Notice upon Plaintiff.

9.    No defendant waives any defense to the Complaint.

10.    Quantum consents to the filing of this Notice.

---

[1]    The Complaint's reference to "D.C. Code § 28-2905(k)(1)" appears to be a typographical error, with an intended reference to § 28-3905(k)(1).

00022642

**WHEREFORE**, Vitamin Shoppe notices the removal of this case to the United States District Court for the District of Columbia.

Dated: September 7, 2007

Respectfully submitted,

HUGHES HUBBARD & REED LLP

By: _[signature]_

Robert P. Reznick (295691)
   reznick@hugheshubbard.com
James A. Graffam (499262)
   graffam@hugheshubbard.com
1775 I Street, N.W.
Washington, D.C.  20006
(202) 721-4740
Facsimile (202) 721-4646

Counsel for Defendant
Vitamin Shoppe Industries, Inc.

OLSSON FRANK WEEDA TERMAN
   BODE MATZ PC

By: _[signature]_

David L. Durkin (419348)
   ddurkin@ofwlaw.com
Kathryn E. Balmford (482279)
   kbalmford@ofwlaw.com
1400 16th St., N.W., Suite 400
Washington, D.C.  20036
(202) 789-1212
Facsimile (202) 234-3550

Counsel for Defendant Quantum, Inc.

00022642

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

$\mathcal{E}$-1596
09-1596
PLF

## I (a) PLAINTIFFS

Jamie Moorby

## DEFENDANTS

Quantum, Inc.
and
Vitamin Shoppe Industries Inc.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Washington, D.C.
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Jeffrey Light
1712 Eye St., N.W.
Suite 915
Washington, D.C. 20006
Tel: (202) 277-6213

Case: 1:07-cv-01596
Assigned To : Friedman, Paul L.
Assign. Date : 9/7/2007
Description: General Civil

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ◉ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
- ☐ 410 Antitrust

### ○ B. Personal Injury/ Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ◉ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☒ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

## No Summons Issued

| **G. Habeas Corpus 2255** | **H. Employment Discrimination** | **I. FOIA/PRIVACY ACT** | **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| **K. Labor/ERISA (non-employment)** | **L. Other Civil Rights (non-employment)** | **M. Contract** | **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding  ⊙ 2 Removed from State Court  ⊙ 3 Remanded from Appellate Court  ⊙ 4 Reinstated or Reopened  ⊙ 5 Transferred from another district (specify)  ⊙ 6 Multi district Litigation  ⊙ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

28 U.S.C. § 1331: The allegations of the Complaint are claims arising under the laws of the United States, granting this Court original jurisdiction.

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  **DEMAND $** In excess of $75,000  Check YES only if demanded in complaint.  **JURY DEMAND:**  YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

**DATE** September 7, 2007  **SIGNATURE OF ATTORNEY OF RECORD** _Robert P Rigit_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Jamie Moorby<br>2919 10th St., NE<br>Washington, DC 20017, | )<br>)<br>)<br>) | Civil Action No. _____ |
| PLAINTIFF, | )<br>) | **NOTICE OF REMOVAL** |
| vs. | )<br>) | |
| Quantum, Inc.<br>754 Washington St.<br>Eugene, OR 97401 | )<br>)<br>)<br>) | |
| and | )<br>) | |
| Vitamin Shoppe Industries Inc.<br>2101 91st St.<br>North Bergen, NJ 07047 | )<br>)<br>)<br>) | |
| DEFENDANTS. | )<br>)<br>) | |

# EXHIBIT A

07 1596

# FILED

SEP - 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

60015535_1.DOC



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

JAMIE MOORBY
    Vs.
QUANTUM, INC.

C.A. No.    2007 CA 005495 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge GEOFFREY M ALPRIN
Date:  August 9, 2007
Initial Conference: 9:00 am, Friday, November 09, 2007
Location:  Courtroom 320
          500 Indiana Avenue N.W.
          WASHINGTON, DC  20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

| | |
|---|---|
| Jamie Moorby | |
| *Plaintiff* | **0005495-07** |
| **vs.** | Civil Action No. |
| Quantum, Inc., and Vitamin Shoppe Industries, Inc. | |
| *Defendant* | |

### SUMMONS

To the above named Defendant:

     You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

     You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 a.m. and 4:00 pm., Mondays through Fridays or between 9:00 a.m. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| | |
|---|---|
| Jeffrey Light | |
| Name of Plaintiff's Attorney | By _____ |
| 1712 Eye St., NW, Suite 915 | Deputy Clerk |
| Address | |
| Washington, DC 20006 | Date: AUG 0 9 2007 |
| 202-277-6213 | |
| Telephone | |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-436/Mar. 98

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

Jamie Moorby                          )        0005495-07
2919 10th St., NE          )
Washington, DC 20017                  )   Judge _____
                                      )   Civil Action No. _____
          PLAINTIFF                   )
                                      )
     vs.                              )
                                      )
Quantum, Inc.                         )
754 Washington St.                    )
Eugene, OR 97401                      )   ┌─────────────────────────┐
                                      )   │       RECEIVED          │
and                                   )   │   Civil Clerk's Office  │
                                      )   │                         │
Vitamin Shoppe Industries, Inc.       )   │      AUG 0 9 2007        │
2101 91st St.                         )   │   Superior Court of the  │
North Bergen, NJ 07047                )   │   District of Columbia   │
                                      )   │     Washington, D.C.     │
          DEFENDANTS                  )   └─────────────────────────┘
_____)

COMPLAINT
(Other Personal Tort: Consumer Protection)

THE PARTIES

1.   Plaintiff Jamie Moorby is a citizen of Washington, DC
residing at 2919 10th St., NE, Washington, DC 20017.  Plaintiff
brings this action on behalf of herself and the general public.

2.   Based on information and belief, Defendant Quantum,
Inc. ("Quantum") is an Oregon corporation with a principal place
of business at 754 Washington St., Eugene, OR.

3.   Based on information and belief, the registered agent
for Defendant is Terence J. Hammons and the registered agent's
address is 115 W. 8th St., Ste. 280, Eugene, OR 97401.

-1-

4.    Based on information and belief, Defendant Vitamin Shoppe Industries, Inc. ("VSI") is a New York corporation with a principal place of business at 2101 91st St., North Bergen, NJ 07047.

5.    Based on information and belief, the registered agent for VSI in Washington, D.C. is Corporation Services Company and the registered agent's address is 1090 Vermont Ave., NW, Washington, DC 20005.

## JURISDICTION

6.    This action arises under D.C. Code § 28-3905(k)(1).

7.    This court has jurisdiction over the defendants pursuant to D.C. Code § 13-423(a) and D.C. Code § 13-334 (2005).

8.    On information and belief, Quantum sells its products directly to retail stores in Washington, D.C.

9.    Upon entering a ZIP code in the District of Columbia on the Store Locator page of Quantum's website, www.quantumhealth.com, the site directs visitors to retail stores in the District of Columbia to purchase Quantum products, including: Celestial Bodies, Secrets of Nature, Vitamin Shoppe, Safeway, TEAISM-A TEAHOUSE, Whole Foods, RiteAid, and CVS.

10.   Quantum offers for sale or has sold its products directly to consumers in the District of Columbia through its web site and through a toll-free order center.

-2-

11.  VSI owns and operates a retail store in the District of Columbia.

12.  VSI or its subsidiaries sell products to consumers in the District of Columbia through a catalog, website, and order center.

13.  Plaintiff purchased MigreLief from the retail store Vitamin Shoppe in the District of Columbia.

## THE TRANSACTION

14.  On August 2, 2007, Plaintiff purchased or caused to be purchased MigreLief ("the Product") for $12.49, including tax, from VSI at its retail store located at 1150 Connecticut Ave. N.W., in the District of Columbia.

## REGULATORY FRAMEWORK

15.  A product is a drug under § 201(g)(1)(B) of the Federal Food, Drug, and Cosmetic Act ("the Act") if it is intended to treat, mitigate, cure or prevent disease.

16.  A product which is not generally recognized as safe and effective when used as labeled is a new drug under § 201(p) of the Act.

17.  Under § 505 of the Act, a new drug may not be legally marketed in the United States without an approved New Drug Application (NDA).

-3-

18.  A dietary supplement is an adulterated food under §
402(f) of the Act if it contains a new dietary ingredient for
which there is inadequate information to provide reasonable
assurance that such ingredient does not present a significant or
unreasonable risk of illness or injury.

19.  Under 21 USC § 350b(a)(2), a dietary supplement is an
adulterated food under § 402(f) of the Act unless it contains
only dietary ingredients which have been present in the food
supply as an article used for food in a form in which the food
has not been chemically altered; or for which there is a history
of use or other evidence of safety establishing that the dietary
ingredient when used under the conditions recommended or
suggested in the labeling of the dietary supplement will
reasonably be expected to be safe and, at least 75 days before
being introduced or delivered for introduction into interstate
commerce, the manufacturer or distributor of the dietary
ingredient or dietary supplement provides the Secretary with
information, including any citation to published articles, which
is the basis on which the manufacturer or distributor has
concluded that a dietary supplement containing such dietary
ingredient will reasonably be expected to be safe.

20.  Under 21 USC § 331(a) it is not legal to introduce or
deliver for introducing into interstate commerce any food that
is adulterated.

-4-

21. D.C. Code § 48-101 prohibits a person from selling, exchanging, or delivering, or having in his custody or possession with the intent to sell or exchange, or exposing or offering for sale or exchange, any article of food or drug which is adulterated.

22. D.C. Code § 48-103(2)(Q)(ii) defines an "adulterated article" to include a dietary supplement which contains a new dietary ingredient for which there is inadequate information to provide reasonable assurance that the ingredient does not present a significant or unreasonable risk of illness or injury.

## DEFENDANT QUANTUM'S COURSE OF CONDUCT

23. Based on information and belief, Quantum, acting by itself or in concert with others, has advertised, offered for sale, sold, and distributed the Product in interstate commerce as defined under the Act.

24. Based on information and belief, consumers may directly purchase the Product from Quantum at www.quantumhealth.com

25. The web page for the Product on Quantum's (http://www.quantumhealth.com/productgroups/migraine.asp) includes the following statements, among others: "The ingredients in MigreLief have been shown to help migraine sufferers in many studies."

-5-

"Doctors and patients are finding MigreLief's 'triple therapy' approach, used over a period of time, is an important tool for the prevention and reduction of severity."

26.   Volume 2, Issue 11 of "It's Your Health" Newsletter (http://www.quantumhealth.com/your_health/your_health_20.html) includes the following statements, among others:

"On the herbal side, Dr. Alexander Mauskop, director of the New York Headache Center, has developed a breakthrough program that has ended pain for thousands of migraine sufferers. . . . Dr. Mauskop's formula, MigraLief, is available through Quantum."

"Natural, safe, and very effective...an exciting new approach...the solution millions of migraineurs [sic] have been waiting for" (ellipses in original).  Attributed to Allen Montgomery, president, The American Nutraceutical Association.

"I began your product 3 months ago and have been migraine free." Attributed to "Carol."

27.   The product page for the Product (http://www.quantumhealth.com/productgroups/migraine.asp)

-6-

contains the following phrase embedded in the META keywords portion of the HTML code: "migraine headaches."

28.  The name of the Product and the statements made by Quantum for the Product suggest that it is intended to treat, prevent, cure or mitigate migraine headaches.

29.  Quantum has marketed the Product to consumers in the District of Columbia without an approved NDA.

## DEFENDANT VSI'S COURSE OF CONDUCT

30.  Based on information and belief, VSI, acting by itself or in concert with others, has advertised, offered for sale, sold, and distributed the Product in interstate commerce as defined under the Act.

31.  Based on information and belief, consumers may directly purchase the Product from VSI at www.vitaminshoppe.com

32.  The web page for the Product on vitaminshoppe.com (http://www.vitaminshoppe.com/store/en/browse/sku_detail.jsp?id=QT-1047) contains the links "More Migraine Support products" and "Read about Migraine Support in our Health Guides."

33.  The Product was featured in a weekly advertising circular the week that Plaintiff purchased the Product.

34.  The name of the Product, its use in advertising, and the use of the term "migraine support" by VSI or its subsidiary

-7-

on vitaminshoppe.com to describe it suggest that it is intended to treat, prevent, cure or mitigate migraine headaches.

35.  VSI has marketed the Product to consumers in the District of Columbia without an approved NDA.

## THE PRODUCT

36.  The label on a bottle of the Product states that a serving size of 1 tablet of the Product contains 200 mg of riboflavin, 180 mg of magnesium (as citrate & oxide), and 50 mg of Puracol™ (Feverfew Whole Leaf).

37.  The Product does not contain only dietary ingredients which have been present in the food supply as an article used for food in a form in which the food has not been chemically altered.

38.  Magnesium citrate as contained in the Product has not been used in the food supply as an article used for food in a form in which it has not been chemically altered.

39.  Puracol™ as contained in the Product has not been used in the food supply as an article used for food in a form in which it has not been chemically altered.

40.  There is inadequate information to provide reasonable assurance that magnesium citrate does not present a significant or unreasonable risk of illness or injury.

41. There is inadequate information to provide reasonable assurance that Puracol™ does not present a significant or unreasonable risk of illness or injury.

42. On information and belief, the Secretary has not been presented with a statement concluding that the Product contains dietary ingredients which will reasonably be expected to be safe, at least 75 days before either Quantum or VSI began delivering or introducing the Product for delivery into interstate commerce.

43. Magnesium citrate is a new dietary ingredient.

44. Puracol™ is a new dietary ingredient.

45. The Product is a drug under § 201(g)(1)(B) of the Act.

46. The Product is an adulterated supplement under 21 U.S.C § 342(f)(1)(B).

### FIRST CAUSE OF ACTION (DEFENDANT QUANTUM):
### VIOLATIONS OF D.C. CODE § 28-3904(a) (2005)

47. This Count realleges and incorporates by reference Paragraphs 1-47.

48. Through the use of advertising, websites, newsletters, product label or labeling, or other means, Quantum has represented, expressly or by implication, that the Product has been clinically proven to be safe and effective for the treatment of migraine headaches.

-9-

49. In truth and in fact, the Product has not been clinically proven to be safe and effective for the treatment, prevention, and mitigation of migraine headaches.

50. Quantum has violated § 28-3904(a) by representing that the Product has the characteristics, uses and benefits described in Paragraphs 25-28 and 48, and incorporated here by reference, which in fact it does not have. Quantum acted in willful disregard for the rights of Plaintiff and other consumers. Quantum's conduct was outrageous, grossly fraudulent, or reckless toward the safety of Plaintiff and other consumers.

## SECOND CAUSE OF ACTION (DEFENDANT QUANTUM):
## VIOLATIONS OF D.C. CODE §§ 28-3904(e) and (f) (2005)

51. This Count realleges and incorporates by reference paragraphs 1-50.

52. Through the use of advertising, web sites, newsletters, labels, labeling and other means, Quantum has represented, expressly or by implication that it possessed and relied upon a reasonable basis that substantiated the representations that the Product is safe and effective for the treatment, mitigation, and prevention of migraine headaches.

53. In truth and in fact, Quantum did not possess and rely upon a reasonable basis that substantiated the claim that the Product is safe and effective for the treatment, mitigation, and prevention of migraine headaches.

-10-

54. Quantum knew or should have known that the statements made in Paragraph 25-28 were false or misleading.

55. Quantum has violated D.C. Code §§ 28-3904(e) and (f) by misrepresenting or omitting material facts which tend to mislead consumers, as described in paragraph 53. Defendant's misrepresentations or omissions were made in willful disregard for the rights of Plaintiff and other consumers. Defendant's misrepresentations or omissions were outrageous, grossly fraudulent, or reckless toward the safety of Plaintiff and other consumers.

### THIRD CAUSE OF ACTION (DEFENDANTS QUANTUM AND VSI):
### VIOLATIONS OF D.C. CODE § 28-3904(x)

56. This Count realleges and incorporates by reference paragraphs 1-55.

57. Defendants Quantum and VSI, acting singly or in concert, have violated D.C. Code § 28-3904(x) by selling consumer goods in a condition or manner not consistent with that warranted by operation or requirement of federal law, as described in Paragraphs 58-61 below. Defendants acted in willful disregard for the rights of Plaintiff and other consumers. Defendants' conduct was outrageous, grossly fraudulent, or reckless toward the safety of Plaintiff and other consumers.

-11-

58. Defendants Quantum and VSI, acting singly or in concert, have violated D.C. Code § 48-101 by selling, exchanging, or delivering, or having in its custody or possession with the intent to sell or exchange, or exposing or offering for sale or exchange, the Product, an article of food or drug which is adulterated.

59. Defendants Quantum and VSI, acting singly or in concert, have violated the requirements of 21 USC § 355 by delivering into interstate commerce a new drug, the Product, without an approved NDA.

60. The Product is a misbranded drug under 21 USC § 352(a) because its labeling is false or misleading.

61. The acts and practices of Defendants Quantum and VSI as alleged in this complaint constitute unfair or deceptive acts or practices, and the making of false advertisements, in or affecting interstate commerce in violation of Sections 5(a) and 12 of the Federal Trade Commission Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court, pursuant to D.C. Code § 28-3905(k)(1) and its own equitable powers, to:

(1) Enter judgment against each of the Defendants and in favor of Plaintiff for each violation alleged in this complaint;

-12-

(2)  Award Plaintiff damages as prescribed by D.C. Code § 28-2905(k)(1);

(3)  Award Plaintiff punitive damages;

(4)  Award Plaintiff costs and reasonable attorney's fees;

(5)  Temporarily, preliminarily, and permanently enjoin Defendants from engaging in, or assisting others engaged in, violations of D.C. Code § 28-3904 (2005);

(6)  Award Plaintiff any other relief which the Court deems proper.


                              Respectfully Submitted,



                              _____
                              Jeffrey L. Light
                              D.C. Bar #485360
                              Patients not Patents, Inc.
                              1712 Eye St., NW
                              Suite 915
                              Washington, DC 20006
                              (202)277-6213

                              Attorney for Plaintiff


-13-



Corporation Services Co.
1090 Vermont Ave, NW
Washington DC 20005

Patents Not Patents
1712 Eye Street NW #915
Washington, DC 20006

**FCM**

U.S. POSTAGE
**$6.11**
FCM FLAT
20005
Date of Sale
08/09/07
02312760
APO4/N00900607
FCO04/N00900607

**USPS® FIRST-CLASS MAIL®**

0 lb. 3.40 oz.

RETURN RECEIPT REQUESTED

SHIP
TO:

**WASHINGTON DC 20005**

**USPS® CERTIFIED MAIL™**

ZIP    420 20005 9171 0331 0549 0024 0183 10

## CERTIFICATE OF SERVICE

I, James Graffam, hereby certify that on September 7, 2007, I caused to be served true

and correct copies of the foregoing *Notice of Removal* and exhibit thereto by first-class, postage-

prepaid U.S. Mail upon:

        Jeffrey L. Light
        Patients not Patents, Inc.
        1712 Eye Street, N.W.
        Suite 915
        Washington, D.C. 20006

        Counsel for Plaintiff Jamie Moorby

James Graffam