# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jamie Moorby )<br>)<br>PLAINTIFF, )<br>)<br>vs. )<br>)<br>Quantum, Inc. )<br>)<br>and )<br>)<br>Vitamin Shoppe Industries Inc. )<br>)<br>DEFENDANTS. )<br>) | Civil Action No. 07-1596 (PLF)<br><br>**ANSWER OF VITAMIN SHOPPE INDUSTRIES, INC.** |

## ANSWER OF VITAMIN SHOPPE INDUSTRIES, INC.

Defendant Vitamin Shoppe Industries Inc. ("Vitamin Shoppe") hereby Answers the Complaint as follows:

THE PARTIES

1. Vitamin Shoppe is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint, and on that basis denies the allegations. Vitamin Shoppe admits that Plaintiff purports to bring this action on behalf of herself and the general public.

2. Vitamin Shoppe is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint, and on that basis denies the allegations.

3. Vitamin Shoppe is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint, and on that basis denies the allegations.

4. Vitamin Shoppe admits the allegations of Paragraph 4 of the Complaint.

5. Vitamin Shoppe admits the allegations of Paragraph 5 of the Complaint.

## JURISDICTION

6. Vitamin Shoppe denies that the Complaint states a claim under D.C. Code §28-3905(k)(1) and therefore denies that this case arises under that provision.

7. Vitamin Shoppe denies that this Court has jurisdiction over this case pursuant to D.C. Code §§ 13-423(a) and 13-334 (2005).

8. Vitamin Shoppe is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint, and on that basis denies the allegations.

9. Vitamin Shoppe is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint, and on that basis denies the allegations.

10. Vitamin Shoppe is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint, and on that basis denies the allegations.

11. Vitamin Shoppe admits the allegations of Paragraph 11 of the Complaint.

12. Vitamin Shoppe admits that it sells products to consumers located in the District of Columbia through a catalog, a website, and an order center, but denies that such sales are made in the District of Columbia.

13. Vitamin Shoppe is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint, and on that basis denies the allegations.

## THE TRANSACTION

14. Vitamin Shoppe is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint, and on that basis denies the allegations.

## REGULATORY FRAMEWORK

15. Paragraph 15 of the Complaint consists of the characterization of a federal law as to which no response is required. Vitamin Shoppe refers to § 201(g)(1)(B) of the Federal Food, Drug, and Cosmetic Act (the "Act") for its content.

16. Paragraph 16 of the Complaint consists of the characterization of a federal law as to which no response is required. Vitamin Shoppe refers to § 201(p) of the Act for its content.

17. Paragraph 17 of the Complaint consists of the characterization of a federal law as to which no response is required. Vitamin Shoppe refers to § 505 of the Act for its content.

18. Paragraph 18 of the Complaint consists of the characterization of a federal law as to which no response is required. Vitamin Shoppe refers to § 402(f) of the Act for its content.

19. Paragraph 19 of the Complaint consists of the characterization of federal laws as to which no response is required. Vitamin Shoppe refers to 21 U.S.C. § 350b(a)(2) and § 402(f) of the Act for their content.

20. Paragraph 20 of the Complaint consists of the characterization of a federal law as to which no response is required. Vitamin Shoppe refers to 21 U.S.C. § 331(a) of the Act for its content.

21.     Paragraph 21 of the Complaint consists of the characterization of a state law as to which no response is required.  Vitamin Shoppe refers to D.C. Code § 48-101 for its content.

22.     Paragraph 21 of the Complaint consists of the characterization of a state law as to which no response is required.  Vitamin Shoppe refers to D.C. Code § 48-103(2)(Q)(ii) for its content.

DEFENDANT QUANTUM'S COURSE OF CONDUCT

23.     Vitamin Shoppe is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint, and on that basis denies the allegations.

24.     Vitamin Shoppe is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Complaint, and on that basis denies the allegations.

25.     Vitamin Shoppe is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Complaint, and on that basis denies the allegations.

26.     Vitamin Shoppe is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint, and on that basis denies the allegations.

27.     Vitamin Shoppe is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint, and on that basis denies the allegations.

28. Vitamin Shoppe is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint, and on that basis denies the allegations.

29. Vitamin Shoppe is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint, and on that basis denies the allegations.

### DEFENDANT VSII'S COURSE OF CONDUCT

30. Vitamin Shoppe denies that it has advertised, offered for sale, sold, and distributed a product having the trade name "MigraLief" (the "Product"), and avers that it has offered for sale a product having the trade name "MigreLief®." Vitamin Shoppe specifically denies that it has acted "in concert" with any other entity in connection with the conduct of its commercial operations.

31. Vitamin Shoppe denies the allegations of Paragraph 31 of the Complaint and avers that it offers for sale on its website a product having the trade name "MigreLief®."

32. Vitamin Shoppe denies the allegations of Paragraph 32 and avers that a product having the trade name "MigreLief®" is available on Vitamin Shoppe's website.

33. Vitamin Shoppe denies the allegations of Paragraph 33 and avers that it is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation of a purchase of any product from Vitamin Shoppe on August 2, 2007, and on that basis also denies the allegation of Paragraph 33.

34. Vitamin Shoppe denies the allegations of Paragraph 34 of the Complaint.

35.     Vitamin Shoppe denies the allegations of Paragraph 35 of the Complaint and avers on information and belief that it is not required to hold an approved NDA in connection with the sale of a product having the trade name "MigreLief®."

THE PRODUCT

36.     Vitamin Shoppe denies the allegations of Paragraph 36 of the Complaint and avers that that the label on a product having the trade name "MigreLief®," as it may appear from time to time, speaks for itself, and that no response is required.

37.     Vitamin Shoppe denies the allegations of Paragraph 37 of the Complaint and states that the allegations of Paragraph 37 as to a product having the trade name "MigreLief®" purport to state a legal conclusion as to which no response is required.  To the extent a response is required, on information and belief Vitamin Shoppe denies the allegations of Paragraph 37 of the Complaint as to a product having the trade name "MigreLief®."

38.     Vitamin Shoppe denies the allegations of Paragraph 38 of the Complaint and states that the allegations of Paragraph 38 as to a product having the trade name "MigreLief®" purport to state a legal conclusion as to which no response is required.  To the extent a response is required, on information and belief Vitamin Shoppe denies the allegations of Paragraph 38 of the Complaint as to a product having the trade name "MigreLief®."

39.     Vitamin Shoppe denies the allegations of Paragraph 39 of the Complaint and states that the allegations of Paragraph 39 as to a product having the trade name "MigreLief®" purport to state a legal conclusion as to which no response is required.  To the extent a response is required, on information and belief Vitamin Shoppe denies the allegations of Paragraph 39 of the Complaint as to a product having the trade name "MigreLief®."

40. Vitamin Shoppe states that the allegations of Paragraph 40 purport to state a legal conclusion as to which no response is required.  To the extent a response is required, on information and belief Vitamin Shoppe denies the allegations of Paragraph 40 of the Complaint.

41. Vitamin Shoppe states that the allegations of Paragraph 41 purport to state a legal conclusion as to which no response is required.  To the extent a response is required, on information and belief Vitamin Shoppe denies the allegations of Paragraph 41 of the Complaint.

42. Vitamin Shoppe states that the allegations of Paragraph 42 purport to state a legal conclusion as to which no response is required.  To the extent a response is required, on information and belief Vitamin Shoppe denies the allegations of Paragraph 42 of the Complaint.

43. Vitamin Shoppe states that the allegations of Paragraph 43 purport to state a legal conclusion as to which no response is required.  To the extent a response is required, on information and belief Vitamin Shoppe denies the allegations of Paragraph 43 of the Complaint.

44. Vitamin Shoppe states that the allegations of Paragraph 44 purport to state a legal conclusion as to which no response is required.  To the extent a response is required, on information and belief Vitamin Shoppe denies the allegations of Paragraph 44 of the Complaint.

45. Vitamin Shoppe denies the allegations of Paragraph 39 of the Complaint and states that the allegations of Paragraph 45 as to a product having the trade name "MigreLief®" purport to state a legal conclusion as to which no response is required.  To the extent a response is required, on information and belief Vitamin Shoppe denies the allegations of Paragraph 45 of the Complaint as to a product having the trade name "MigreLief®."

46. Vitamin Shoppe denies the allegations of Paragraph 39 of the Complaint and states that the allegations of Paragraph 46 as to a product having the trade name "MigreLief®" purport to state a legal conclusion as to which no response is required.  To the extent a response

is required, on information and belief Vitamin Shoppe denies the allegations of Paragraph 46 of the Complaint as to a product having the trade name "MigreLief®."

FIRST CAUSE OF ACTION (DEFENDANT QUANTUM)

VIOLATIONS OF D.C. CODE § 28-3904(a) (2005)

47. Taking the reference in Paragraph 47 of the Complaint to Paragraph "47" to be a typographical error, Vitamin Shoppe repeats and realleges its responses to Paragraphs 1-46 of the Complaint as if fully set forth herein.

48. The allegations of Paragraph 48 of the Complaint are directed to a party other than Vitamin Shoppe and thus no response is required. To the extent a response is required, Vitamin Shoppe denies the allegations of Paragraph 48 of the Complaint and avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 of the Complaint as to a product having the trade name "MigreLief®," and on that basis also denies the allegations.

49. Vitamin Shoppe denies the allegations of Paragraph 49 of the Complaint, and on information and belief denies the allegations of Paragraph 49 of the Complaint as to a product having the trade name "MigreLief®."

50. The allegations of Paragraph 50 of the Complaint are directed to a party other than Vitamin Shoppe and thus no response is required. To the extent a response is required, Vitamin Shoppe denies the allegations of Paragraph 50 of the Complaint and avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 50 of the Complaint as to a product having the trade name "MigreLief®," and on that basis also denies the allegations.

SECOND CAUSE OF ACTION (DEFENDANT QUANTUM)

VIOLATIONS OF D.C. CODE § 28-3904(e) and (f)  (2005)

51.   Vitamin Shoppe repeats and realleges its responses to Paragraphs 1-50 of the Complaint as if fully set forth herein.

52.   The allegations of Paragraph 52 of the Complaint are directed to a party other than Vitamin Shoppe and thus no response is required.  To the extent a response is required, Vitamin Shoppe denies the allegations of Paragraph 52 of the Complaint and avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 of the Complaint as to a product having the trade name "MigreLief®," and on that basis also denies the allegations.

53.   The allegations of Paragraph 53 of the Complaint are directed to a party other than Vitamin Shoppe and thus no response is required.  To the extent a response is required, Vitamin Shoppe denies the allegations of Paragraph 53 of the Complaint and avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53 of the Complaint as to a product having the trade name "MigreLief®," and on that basis also denies the allegations.

54.   The allegations of Paragraph 54 of the Complaint are directed to a party other than Vitamin Shoppe and thus no response is required.  To the extent a response is required, Vitamin Shoppe denies the allegations of Paragraph 54 of the Complaint and avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 54 of the Complaint as to a product having the trade name "MigreLief®," and on that basis also denies the allegations.

55.   The allegations of Paragraph 55 of the Complaint are directed to a party other than Vitamin Shoppe and thus no response is required.  To the extent a response is required,

Vitamin Shoppe denies the allegations of Paragraph 55 of the Complaint and avers that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 of the Complaint as to a product having the trade name "MigreLief®," and on that basis also denies the allegations.

### THIRD CAUSE OF ACTION (DEFENDANTS QUANTUM AND VSII)
### VIOLATIONS OF D.C. CODE § 28-3904(x)

56. Vitamin Shoppe repeats and realleges its responses to Paragraphs 1-55 of the Complaint as if fully set forth herein.

57. To the extent Paragraph 57 of the Complaint are directed to parties other than Vitamin Shoppe, no response is required. To the extent a response is required, Vitamin Shoppe denies the allegations of Paragraph 57 of the Complaint and further denies the allegations of Paragraph 57 of the Complaint as to a product having the trade name "MigreLief®."

58. To the extent Paragraph 58 of the Complaint are directed to parties other than Vitamin Shoppe, no response is required. To the extent a response is required, Vitamin Shoppe denies the allegations of Paragraph 58 of the Complaint and further denies the allegations of Paragraph 58 of the Complaint as to a product having the trade name "MigreLief®." Vitamin Shoppe specifically denies that it has acted in concert with any other party in connection with the violation of any law.

59. To the extent Paragraph 59 of the Complaint are directed to parties other than Vitamin Shoppe, no response is required. To the extent a response is required, Vitamin Shoppe denies the allegations of Paragraph 59 of the Complaint and further denies the allegations of Paragraph 59 of the Complaint as to a product having the trade name "MigreLief®." Vitamin

Shoppe specifically denies that it has acted in concert with any other party in connection with the violation of any law.

60. Vitamin Shoppe denies the allegations of Paragraph 60 of the Complaint, and on information and belief denies the allegations of Paragraph 60 of the Complaint as to a product having the trade name "MigreLief®."

61. To the extent Paragraph 61 of the Complaint are directed to parties other than Vitamin Shoppe, no response is required. To the extent a response is required, Vitamin Shoppe denies the allegations of Paragraph 61 of the Complaint and further denies the allegations of Paragraph 61 of the Complaint as to a product having the trade name "MigreLief®." Vitamin Shoppe specifically denies that it has acted in concert with any other party in connection with the violation of any law.

Vitamin Shoppe further denies that Plaintiff is entitled to judgment or any other relief as requested in the unnumbered paragraph and six subsections following Paragraph 61 of the Complaint.

## AFFIRMATIVE DEFENSES

Vitamin Shoppe alleges the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Vitamin Shoppe upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over the claims against Vitamin Shoppe because they are preempted by the Commerce Clause (and dormant Commerce Clause) of the United States

Constitution, and by federal law, including without limitation the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.*

### THIRD AFFIRMATIVE DEFENSE

Plaintiff alleges no injury on her own behalf or ostensibly on behalf of District of Columbia consumers from actions alleged to have been taken by Vitamin Shoppe, and for this reason her claims against Vitamin Shoppe fail to satisfy the requirements of the District of Columbia Consumer Protection Procedures Act, D.C. Code § 28-3801 *et seq.*

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff does not allege that she suffers from migraine headaches, that she allegedly purchased the Product because she suffers from migraine headaches, that she relied on any action taken or not taken by Vitamin Shoppe in allegedly purchasing the Product, or that she was deceived by any act alleged taken by Vitamin Shoppe into allegedly purchasing the Product, nor have such allegations been made ostensibly on behalf of District of Columbia Consumers, and for this reason her claims against Vitamin Shoppe fail to satisfy the requirements of the District of Columbia Consumer Protection Procedures Act, D.C. Code § 28-3801 *et seq.*

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring claims against Vitamin Shoppe under the District of Columbia Consumer Protection Procedures Act, D.C. Code § 28-3801 *et seq.*

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has alleged no conduct by Vitamin Shoppe that violates federal or state law so as to support liability against Vitamin Shoppe under D.C. Code § 28-3904(x).

### SEVENTH AFFIRMATIVE DEFENSE

The claims against Vitamin Shoppe are barred in whole or in part by the applicable statute of limitations.

Dated: September 27, 2007

Respectfully submitted,

HUGHES HUBBARD & REED LLP

By:  /s/ Robert P. Reznick

Robert P. Reznick (295691)
  reznick@hugheshubbard.com
James Graffam (499262)
  graffam@hugheshubbard.com
1775 I Street, N.W.
Washington, D.C.  20006
(202) 721-4740
Facsimile (202) 721-4646

Counsel of Record for Defendant Vitamin Shoppe Industries Inc.