UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jamie Moorby ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Civil Action No. 07-1596 (PLF) |
| vs. ) | |
| ) | **ANSWER OF QUANTUM, INC.** |
| Quantum, Inc. ) | |
| ) | |
| and ) | |
| ) | |
| Vitamin Shoppe Industries Inc. ) | |
| ) | |
| DEFENDANTS. ) | |
| ) | |

**ANSWER OF QUANTUM, INC.**

Defendant Quantum, Inc. (Quantum) hereby Answers the Complaint as follows:

THE PARTIES

1. Quantum is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint, and on that basis denies the allegations. Quantum admits that Plaintiff purports to bring this action on behalf of herself and the general public.

2. Quantum admits the allegations of Paragraph 2 of the Complaint.

3. Quantum admits the allegations of Paragraph 3 of the Complaint.

4. Quantum is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint, and on that basis denies the allegations.

5. Quantum is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint, and on that basis denies the allegations.

## JURISDICTION

6. Quantum denies that the Complaint states a claim under D.C. Code §28-3905(k)(1) and therefore denies that this case arises under that provision.

7. Quantum denies that this Court has jurisdiction over this case pursuant to D.C. Code §§ 13-423(a) and 13-334 (2005).

8. Quantum admits the allegations of Paragraph 8 of the Complaint.

9. Quantum is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint, and on that basis denies the allegations.

10. Quantum admits the allegations of Paragraph 10 of the Complaint.

11. Quantum is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint, and on that basis denies the allegations of Paragraph 11 of the Complaint.

12. Quantum is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint, and on that basis denies the allegations of Paragraph 12 of the Complaint.

13. Quantum is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint, and on that basis denies the allegations.

## THE TRANSACTION

14. Quantum is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint, and on that basis denies the allegations.

## REGULATORY FRAMEWORK

15. Paragraph 15 of the Complaint is a characterization of a federal law as to which no response is required. Quantum refers to § 201(g)(1)(B) of the Federal Food, Drug, and Cosmetic Act ("the FD&C Act") for its content.

16. Paragraph 16 of the Complaint is a characterization of a federal law as to which no response is required. Quantum refers to § 201(p) of the FD&C Act for its content.

17. Paragraph 17 of the Complaint is a characterization of a federal law as to which no response is required. Quantum refers to § 505 of the FD&C Act for its content.

18. Paragraph 18 of the Complaint is a characterization of a federal law as to which no response is required. Quantum refers to § 402(f) of the FD&C Act for its content.

19. Paragraph 19 of the Complaint is a characterization of federal laws as to which no response is required. Quantum refers to 21 U.S.C. § 350b(a)(2) and § 402(f) of the FD&C Act for their content.

20. Paragraph 20 of the Complaint is a characterization of a federal law as to which no response is required. Quantum refers to 21 U.S.C. § 331(a) of the FD&C Act for its content.

21. Paragraph 21 of the Complaint is characterization of District of Columbia law as to which no response is required. Quantum refers to D.C. Code § 48-101 for its content.

22. Paragraph 22 of the Complaint is a characterization of District of Columbia as to which no response is required. Quantum refers to D.C. Code § 48-103(2)(Q)(ii) for its content.

<u>DEFENDANT QUANTUM'S COURSE OF CONDUCT</u>

23. Quantum admits that it has advertised, offered for sale, sold, and distributed the Product in interstate commerce. The characterization that Quantum has performed these acts "in concert with others" is a conclusion of law to which no response is deemed necessary. To the extent that a response is deemed necessary, Quantum denies that allegation of paragraph 23 of the Complaint.

24. Quantum admits the allegations of Paragraph 24 of the Complaint.

25. Quantum admits the allegations of Paragraph 25 of the Complaint.

26. Quantum admits the allegations of Paragraph 26 of the Complaint.

27. Quantum is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint, and on that basis denies the allegations.

28. The allegations of Paragraph 28 are a conclusion of law to which no response is deemed necessary. To the extent that a response is deemed necessary, Quantum denies of the allegations of Paragraph 28 of the Complaint.

29. Quantum admits the allegations of Paragraph 29 of the Complaint.

## DEFENDANT QUANTUM'S COURSE OF CONDUCT

30. Quantum is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint, and on that basis denies the allegations.

31. Quantum is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Complaint, and on that basis denies the allegations.

32. Quantum is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint, and on that basis denies the allegations.

33. Quantum is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of the Complaint, and on that basis denies the allegations.

34. Quantum is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the Complaint, and on that basis denies the allegations.

35. Quantum is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the Complaint, and on that basis denies the allegations.

## THE PRODUCT

36. Vitamin Shoppe admits the allegations of Paragraph 36 of the Complaint.

37. The allegations of Paragraph 37 are conclusions of law to which no response is deemed necessary. To the extent that a response is deemed necessary, Quantum denies of the allegations of Paragraph 37 of the Complaint.

38. The allegations of Paragraph 38 are a conclusion of law to which no response is deemed necessary. To the extent that a response is deemed necessary, Quantum denies of the allegations of Paragraph 38 of the Complaint.

39. The allegations of Paragraph 39 are a conclusion of law to which no response is deemed necessary. To the extent that a response is deemed necessary, Quantum denies of the allegations of Paragraph 39 of the Complaint.

40. The allegations of Paragraph 40 are a conclusion of law to which no response is deemed necessary. To the extent that a response is deemed necessary, Quantum denies of the allegations of Paragraph 40 of the Complaint.

41. The allegations of Paragraph 41 are a conclusion of law to which no response is deemed necessary. To the extent that a response is deemed necessary, Quantum denies of the allegations of Paragraph 41 of the Complaint.

42. Quantum admits the allegations of Paragraph 42 of the Complaint with respect to Quantum. Quantum is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the Complaint as to any act or omission of defendant Vitamin Shoppe, Inc., and on that basis denies those allegations of Paragraph 42 of the Complaint.

43. The allegations of Paragraph 43 are a conclusion of law to which no response is deemed necessary. To the extent that a response is deemed necessary, Quantum denies of the allegations of Paragraph 43 of the Complaint.

44. The allegations of Paragraph 44 are a conclusion of law to which no response is deemed necessary. To the extent that a response is deemed necessary, Quantum denies of the allegations of Paragraph 44 of the Complaint.

45. The allegations of Paragraph 45 are a conclusion of law to which no response is deemed necessary. To the extent that a response is deemed necessary, Quantum denies of the allegations of Paragraph 45 of the Complaint.

46. The allegations of Paragraph 46 are a conclusion of law to which no response is deemed necessary. To the extent that a response is deemed necessary, Quantum denies of the allegations of Paragraph 46 of the Complaint.

<u>FIRST CAUSE OF ACTION (DEFENDANT QUANTUM)</u>

<u>VIOLATIONS OF D.C. CODE § 28-3904(a) (2005)</u>

47. Taking the reference in Paragraph 47 of the Complaint to Paragraph "47" to be a typographical error, Quantum repeats and realleges its responses to Paragraphs 1-46 of the Complaint as if fully set forth herein.

48. The allegations of Paragraph 48 are conclusions of law to which no response is deemed necessary. To the extent that a response is deemed necessary, Quantum denies of the allegations of Paragraph 48 of the Complaint.

49. The allegations of Paragraph 49 are conclusions of law to which no response is deemed necessary. To the extent that a response is deemed necessary, Quantum denies of the allegations of Paragraph 49 of the Complaint.

50. The allegations of Paragraph 50 are conclusions of law to which no response is deemed necessary. To the extent that a response is deemed necessary, Quantum denies of the allegations of Paragraph 50 of the Complaint.

## SECOND CAUSE OF ACTION (DEFENDANT QUANTUM)

## VIOLATIONS OF D.C. CODE § 28-3904(e) and (f) (2005)

51. Quantum repeats and realleges its responses to Paragraphs 1-50 of the Complaint as if fully set forth herein.

52. The allegations of Paragraph 52 are conclusions of law to which no response is deemed necessary. To the extent that a response is deemed necessary, Quantum denies of the allegations of Paragraph 52 of the Complaint.

53. The allegations of Paragraph 53 are conclusions of law to which no response is deemed necessary. To the extent that a response is deemed necessary, Quantum denies of the allegations of Paragraph 53 of the Complaint.

54. The allegations of Paragraph 54 are a conclusion of law to which no response is deemed necessary. To the extent that a response is deemed necessary, Quantum denies of the allegations of Paragraph 54 of the Complaint.

55. The allegations of Paragraph 55 are conclusions of law to which no response is deemed necessary. To the extent that a response is deemed necessary, Quantum denies of the allegations of Paragraph 55 of the Complaint.

## THIRD CAUSE OF ACTION (DEFENDANTS QUANTUM AND VITAMIN SHOPPE, INC.)

## VIOLATIONS OF D.C. CODE § 28-3904(x)

56. Quantum repeats and realleges its responses to Paragraphs 1-55 of the Complaint as if fully set forth herein.

57. To the extent Paragraph 57 of the Complaint are directed to parties other than Quantum, no response is required. To the extent a response is required, Quantum denies the allegations of Paragraph 57 of the Complaint. To the extent the

allegations of Paragraph 57 of the Complaint are directed to Quantum alone, or to Quantum acting "in concert" with any other entity, the allegations of Paragraph 57 are conclusions of law to which no response is deemed necessary. To the extent that a response is deemed necessary, Quantum denies of the allegations of Paragraph 57 of the Complaint.

58. To the extent Paragraph 58 of the Complaint are directed to parties other than Quantum, no response is required. To the extent a response is required, Quantum denies the allegations of Paragraph 58 of the Complaint. To the extent the allegations of Paragraph 58 of the Complaint are directed to Quantum alone, or to Quantum acting "in concert" with any other entity, the allegations of Paragraph 58 are conclusions of law to which no response is deemed necessary. To the extent that a response is deemed necessary, Quantum denies of the allegations of Paragraph 58 of the Complaint.

59. To the extent Paragraph 59 of the Complaint are directed to parties other than Quantum, no response is required. To the extent a response is required, Quantum denies the allegations of Paragraph 59 of the Complaint. To the extent the allegations of Paragraph 59 of the Complaint are directed to Quantum alone, or to Quantum acting "in concert" with any other entity, the allegations of Paragraph 59 are conclusions of law to which no response is deemed necessary. To the extent that a response is deemed necessary, Quantum denies of the allegations of Paragraph 59 of the Complaint.

60. The allegations of Paragraph 60 are a conclusion of law to which no response is deemed necessary. To the extent that a response is deemed necessary, Quantum denies of the allegations of Paragraph 60 of the Complaint.

61. To the extent Paragraph 61 of the Complaint are directed to parties other than Quantum, no response is required. To the extent a response is required, Quantum denies the allegations of Paragraph 61 of the Complaint. To the extent the allegations of Paragraph 61 of the Complaint are directed to Quantum alone, or to Quantum acting with any other entity, the allegations of Paragraph 61 are conclusions of law to which no response is deemed necessary. To the extent that a response is deemed necessary, Quantum denies of the allegations of Paragraph 61 of the Complaint.

Quantum further denies that Plaintiff is entitled to judgment or any other relief as requested in the unnumbered paragraph and six subsections of the "Prayer for Relief" following Paragraph 61 of the Complaint.

## **AFFIRMATIVE DEFENSES**

Quantum alleges the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Quantum upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over the claims against Quantum because they are preempted by both the Commerce Clause and dormant Commerce Clause of the United States Constitution, and by federal law, including without limitation the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq*.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff alleges no injury on her own behalf or ostensibly on behalf of District of Columbia consumers from actions alleged to have been taken by Quantum, and for this reason her claims against Quantum fail to satisfy the requirements of the District of Columbia Consumer Protection Procedures Act, D.C. Code § 28-3801 *et seq.*

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff does not allege that she suffers from migraine headaches, that she allegedly purchased the Product because she suffers from migraine headaches, that she relied on any action taken or not taken by Quantum in allegedly purchasing the Product, or that she was deceived by any act alleged taken by Quantum into allegedly purchasing the Product, nor have such allegations been made ostensibly on behalf of District of Columbia Consumers, and for this reason her claims against Quantum fail to satisfy the requirements of the District of Columbia Consumer Protection Procedures Act, D.C. Code § 28-3801 *et seq.*

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring claims against Quantum under the District of Columbia Consumer Protection Procedures Act, D.C. Code § 28-3801 *et seq.*

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has alleged no conduct by Quantum that violates federal or state law so as to support liability against Quantum under D.C. Code § 28-3904(x).

SEVENTH AFFIRMATIVE DEFENSE

The claims against Quantum are barred in whole or in part by the applicable statute of limitations.

Dated: September 27, 2007

Respectfully submitted,

OLSSON FRANK WEEDA
  TERMAN BODE MATZ PC

By:   /s/ David L. Durkin

David L. Durkin (419348)
  ddurkin@ofwlaw.com
Kathryn E. Balmford (482279)
  kbalmford@ofwlaw.com
1400 Sixteenth Street, N.W.
Suite 400
Washington, D.C.  20036-2220
(202) 789-1212 (main)
(202) 234-3550 (telecopy)

Counsel of Record for Defendant
Quantum, Inc.