UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Jamie Moorby                                    )
                                                )
                    PLAINTIFF                    )   No. 07-cv-1596 (PLF)
                                                )
            vs.                                  )
Quantum, Inc., et al.                            )
                                                )
                    DEFENDANTS                   )
                                                )
                                                )
                                                )
                                                )
_____            )

**PLAINTIFF'S MOTION TO REMAND AND FOR ATTORNEY FEES**


    Plaintiff Jamie Moorby, on behalf of herself and in her representative capacity acting

for the interests of the general public, by and through undersigned counsel, and pursuant

to Fed. R. Civ. P. 7, LCvR 7, and 28 U.S.C. § 1447(c), moves to remand the above-

captioned case to the Superior Court for the District of Columbia and for an award of just

costs and expenses, including attorney's fees, incurred as a result of this removal, because

this Court lacks original subject matter jurisdiction.  The require discussion under LCvR

7(m) occurred on October 2, 2007 and an opposition to this motion will be filed.


    A Memorandum of Points and Authorities in support of the Motion and a proposed

order are attached.

Respectfully Submitted,


/s/ Jeffrey L. Light

Jeffrey L. Light (#485360)

PATIENTS NOT PATENTS, INC.
1712 Eye St., NW
Suite 915
Washington, DC 20006
Phone:(202)277-6213
Fax: (202) 223-5318
jeff@patientsnotpatents.org
Counsel for Plaintiff

Dated: October 3, 2007

<u>CERTIFICATE OF SERVICE</u>

The foregoing was sent via electronic means this 3rd day of October, 2007 to:


Robert P. Reznick                     David L. Durkin
James A. Graffam                      Kathryn E. Balmford
HUGHES HUBBARD & REED LLP             OLSSON FRANK WEEDA TERMAN
1775 I Street, N.W.                   BODE MATZ PC
Washington, D.C. 20006                1400 16th St., N.W., Suite 400
Counsel for Defendant Vitamin Shoppe  Counsel for Defendant Quantum, Inc.
Industries, Inc.


                                              _____/s/ Jeffrey Light_____

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

Jamie Moorby                                      )
                                                  )
                    PLAINTIFF                     )   No. 07-1596 (PLF)
          vs.                                     )
Quantum, Inc., et al.                             )
                                                  )
                    DEFENDANTS                    )
                                                  )
                                                  )
                                                  )
_____          )

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF

**<u>PLAINTIFF'S MOTION TO REMAND AND FOR ATTORNEY FEES</u>**

## **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** ........................................................................ 3

**INTRODUCTION** ...................................................................................... 5

**ARGUMENT** ............................................................................................. 6

   I.    The Standard for Removal and Remand ............................................ 6

   II.   Defendants have not met the amount in controversy requirement for diversity jurisdiction ........................................................................................... 8

      A.   Attorney Fees ............................................................................ 8

      B.   Statutory Damages .................................................................... 9

      C.   Punitive Damages ................................................................... 13

   III.   The Claims in the Complaint Do Not "Arise Under" Federal Law ................. 14

   IV.   An Award of Attorney Fees is Appropriate in This Case ................................. 17

**CONCLUSION** ....................................................................................... 19

# **TABLE OF AUTHORITIES**

## Cases

*Austin v. American Gen. Fin.*,
  900 F. Supp. 396 (M.D. ALABAMA 1995).................................................................. 16
*Bhagwanani v. Howard Univ.*,
  355 F. Supp. 2d 294 (D.D.C. 2005) ......................................................................... 16
*Blockbuster, Inc. v. Galeno*,
  472 F.3d 53 (CA2 2006) ............................................................................................ 11
*Caterpillar, Inc. v. Williams*,
  482 U.S. 386 (1987)................................................................................................... 14
*Clean Air Council v. Sniffex, Inc.*,
  2006 U.S. DIST LEXIS 52293 (M.D. PA July 28, 2006) ........................................ 18
*D.C. Cablevision Ltd. P'shp v. Bassin*,
  828 A.2d 714 (D.C. 2003) ........................................................................................ 14
*Dean v. American Gen. Fin.*,
  1996 U.S. DIST LEXIS 701 (M.D. ALABAMA Jan. 23, 1996)................................ 16
*Empire HealthChoice Assur., Inc. v. McVeigh*,
  126 S. Ct. 2121 (2006)............................................................................................... 16
*Exxon Mobil Corp. v. Allapattah Servs.*,
  545 U.S. 546 (2005)................................................................................................... 10
*Franchise Tax Bd. v. Constr. Laborers Vacation Trust*,
  463 U.S. 1(1983)........................................................................................................ 14
*Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*,
  545 U.S. 308 (2005)............................................................................................ 16, 19
*Green v. Wachovia Bank N.A.*,
  2007 U.S. Dist. LEXIS 32164 (D.D.C.  May 2, 2007).............................................. 17
*Haun v. Don Mealey Imps.*,
  285 F. Supp. 2d 1297 (M.D. FL 2003) ..................................................................... 15
*Holloway v. Bristol-Myers Corp.*,
  485 F.2d 986 (D.C. Cir. 1973).................................................................................. 15
*Hunter v. D.C.*,
  384 F. Supp. 2d. 257 (D.D.C. 2005).......................................................................... 13
*In re Bridgestone/Firestone, Inc., Tire Products Liability Litigation*,
  256 F. Supp. 884 (S.D. IND 2003) ...................................................................... 12, 18
*Johnson-Brown v. 2200 M Street LLC, et al.*,
  257 F. Supp.2d 175 (D.D.C. 2003)....................................................................... 7, 18
*Kokkonen v. Guardian Life Ins. Co. of Am.*,
  511 U.S. 375(1994)...................................................................................................... 7
*Kopff. v. World Research Group, LLC, et al.*,
  298 F. Supp.2d 50 (D.D.C. 2003)......................................................................... 7, 11
*Martin v. Franklin Capital Corp.*,
  546 U.S. 132 (2005)............................................................................................ 17, 19
*Meng v. Schwartz*,
  305 F. Supp.2d 49 (D.D.C. 2004) ............................................................................... 7

*Merrell Dow Pharmaceuticals v. Thompson,*
   478 U.S. 804 (1986)................................................................................ 15, 19
*Naartex Consulting Corp. v. Clark,*
   467 U.S. 1210 (1984)........................................................................................ 7
*Naartex Consulting Corporation v. Watt,*
   722 F.2d 779 (D.C.Cir. 1983), *cert. denied sub nom*........................................ 7
*National Org. for Women v. Mutual of Omaha Ins. Co.,*
   612 F.Supp. 100 (D.D.C. 1985).......................................................................... 7
*National Women's Health Network v. A.H. Robins Co.,*
   545 F. Supp. 1177 (D. Mass 1982).................................................................... 15
*Nwachukwu v. Karl,*
   223 F. Supp.2d 60 (D.D.C. 2002)........................................................................ 7
*Reigner v. Ingersoll-Rand Corp.,*
   461 F. Supp. 2d. 1 (D.D.C. 2004)...................................................................... 12
*Scott v. Frazier,*
   253 U.S. 243 (1920)........................................................................................... 11
*Wexler v. United Airlines, Inc.,*
   496 F. Supp. 2d. 150, 2007 U.S. DIST LEXIS 55028 (D.D.C. Jul. 31, 2007)....... 13, 16
*Williams v. Purdue Pharma Co.,*
   2003 U.S. DIST LEXIS 19268 (D.D.C. Feb. 27, 2003)................................ 12, 15, 19
*Wilson v. Republic Iron & Steel Co.,*
   257 U.S. 92 (1921)............................................................................................... 7
*Your Girl Friday, LLC v. MGF Holdings, Inc.,*
   2006 U.S. Dist. LEXIS 20665 (D.D.C. Apr. 18, 2006).......................................... 9
*Zahn v. International Paper Co.,*
   414 U.S. 291 (1973)........................................................................................... 10

## Statutes
15 U.S.C. § 45(m)................................................................................................. 15
28 U.S.C. § 1331.............................................................................................. 6, 15
28 U.S.C. § 1332.................................................................................................... 6
28 U.S.C. § 1332(a)........................................................................................... 6, 8
28 U.S.C. § 1332(e)................................................................................................ 7
28 U.S.C. § 1441(a)........................................................................................... 5, 6
28 U.S.C. § 1446(a)........................................................................................... 5, 8
28 U.S.C. § 1447(c)...................................................................................... 5, 17, 18
28 U.S.C. § 1451.................................................................................................... 6
Class Action Fairness Act of 2005 (CAFA), Pub. L. No. 109-2, 119 Stat. 4............ 10, 18
D.C. Code § 28-3901, *et seq.*.................................................................. 5, 11, 12, 15
D.C. Code § 28-3904(x)......................................................................................... 17
D.C. Code § 28-3905(k)(1)................................................................................. 9, 10
Federal Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 301, *et seq.*............... 15
Federal Trade Commission Act, 15 U.S.C. § 45 (FTCA)......................................... 15
Telephone Consumer Protection Act, 47 U.S.C. §§ 201, *et seq.*............................. 11

## Rules
Fed. R. Civ. P. 7.................................................................................................... 5
LCvR 7.................................................................................................................. 5

Pursuant to Fed. R. Civ. P. 7, LCvR 7, and 28 U.S.C. § 1447(c), Plaintiff moves to remand the above-captioned case to the Superior Court for the District of Columbia and for an award of just costs and expenses, including attorney's fees, incurred as a result of this removal because this Court lacks original subject matter jurisdiction.

## INTRODUCTION

The instant case was filed on August 9, 2007 in the Superior Court of the District of Columbia. The Complaint alleges that Defendants Quantum, Inc. ("Quantum") and Vitamin Shoppe Industries, Inc. ("VSII") engaged in unlawful trade practices in violation of the District of Columbia Consumer Protection Procedures Act, D.C. Code § 28-3901, *et seq.* ("DCCPPA"), in the marketing, distribution, and sale of a product sold under the trade name MigreLief. VSII was served with the summons, Complaint and initial order on August 10, 2007. Quantum was served with the summons, Complaint and initial order pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure and acknowledged receipt of the summons, Complaint and initial order on August 28, 2007.

On September 7, 2007 VSII filed a Notice of Removal pursuant to 28 U.S.C. § 1441(a). Quantum consented to the filing of the Notice. On September 18, this Court granted the defendants' motion for an extension of time within which to answer. VSII and Quantum both filed their Answers on September 27, 2007.

28 U.S.C. § 1446(a) requires a defendant desiring to remove an action from a State court to make "a short and plain statement of the grounds for removal" in its notice of

removal.  Defendants' Notice of Removal claims that this Court has original jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States, and under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the action arises between citizens of different states.  In fact, Defendants have failed to demonstrate that 1) this action arises under the laws of the United States, and 2) the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

## ARGUMENT

I.      The Standard for Removal and Remand

The removal statute, 28 U.S.C. § 1441(a) provides that any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.  The term "State court" includes the Superior Court of the District of Columbia.  28 U.S.C. § 1451. The federal question statute, 28 U.S.C. § 1331, provides that the district courts shall have original jurisdiction of all civil actions arising under the laws of the United States.  The diversity statute, 28 U.S.C. § 1332(a)(1), provides that the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

The District of Columbia is included in the definition of a "state" under the diversity statute.  28 U.S.C. § 1332(e).

The burden is on the removing defendant to demonstrate the federal court's jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Because federal courts are courts of limited jurisdiction, there is a presumption against the existence of diversity jurisdiction. *Naartex Consulting Corporation v. Watt*, 722 F.2d 779, 792 (D.C.Cir. 1983), *cert. denied sub nom. Naartex Consulting Corp. v. Clark*, 467 U.S. 1210 (1984). *Johnson-Brown v. 2200 M Street LLC, et al.*, 257 F. Supp.2d 175, 177 (D.D.C. 2003).

If a removal is effected, the plaintiff may by a motion to remand take issue with the statements in the notice of removal. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *National Org. for Women v. Mutual of Omaha Ins. Co.*, 612 F.Supp. 100, 102-03 (D.D.C. 1985).  If such a motion to remand is made, the defendant, as the initiator of the removal, must carry the burden of proof. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. at 97; *National Org. for Women*, 612 F. Supp. at 103; *Kopff. v. World Research Group, LLC, et al.*, 298 F. Supp.2d 50, 53-54 (D.D.C. 2003); *Johnson-Brown v. 2200 M Street LLC, et al.*, 257 F. Supp. at 177; *Meng v. Schwartz*, 305 F. Supp.2d 49, 55 (D.D.C. 2004). The Court must resolve any ambiguities concerning the propriety of remand in favor of remand. *Nwachukwu v. Karl*, 223 F. Supp.2d 60, 66 (D.D.C. 2002); *Johnson-Brown*, 257 F. Supp.2d at 177.

II.     Defendants have not met the amount in controversy requirement for diversity

jurisdiction

28 U.S.C. § 1332(a) requires that the matter in controversy exceeds the sum or value

of $75,000, exclusive of interest and costs, for this Court to have diversity jurisdiction.

As noted above, 28 U.S.C. § 1446(a) requires that a defendant desiring to remove a civil

action from a State court shall file a notice of removal containing a short and plain

statement of the grounds for removal.  Defendants' Notice of Removal on its face fails to

allege the facts necessary to establish that the amount in controversy exceeds the sum or

value of $75,000, exclusive of costs and interest.

The Complaint does not state a dollar amount or otherwise quantify the damages

sought by Plaintiff.  (Complaint, Prayer for Relief.)  However, Defendants' Notice of

Removal alleges that Plaintiff seeks statutory damages in excess of $75,000, and alleges

"on information and belief" that Plaintiff anticipates its reasonable attorney fees and

punitive damages to each be in excess of $75,000.  (Notice of Removal ¶ 5.)  Because

Defendants' allegations are incorrect as both a matter of fact and law, and because

Plaintiff seeks damages which do not exceed $75,000, exclusive of costs and interest, this

case must be remanded to Superior Court for the District of Columbia

A.  Attorney Fees

Plaintiff requests reasonable attorney's fees, but does not state a dollar amount or otherwise quantify the amount of reasonable attorney's fees sought.  Defendants' Notice of Removal states, "On information and belief, Plaintiff anticipates that its reasonable attorney's fees would exceed $75,000 to pursue the case to final judgment."  In truth and in fact, Plaintiff does not anticipate that reasonable attorney's fees would exceed $75,000 to pursue the case to final judgment.  A defendant's mere "conjecture regarding the possible amount of [attorney's] fees is inadequate to support an assertion of diversity jurisdiction."  *Your Girl Friday, LLC v. MGF Holdings, Inc.*, 2006 U.S. Dist. LEXIS 20665 (D.D.C. Apr. 18, 2006).  Defendants' allegations in their Notice of Removal amount to no more than conjecture.

B.  Statutory Damages

Plaintiff brings this action on behalf of herself and the general public.  (Complaint ¶ 1.)  Such a representational claim is authorized by the DCCPPA, which permits a person, acting for the interests of the general public, to bring an action in the Superior Court of the District of Columbia.  D.C. Code § 28-3905(k)(1).  A person may recover treble damages or $1,500 per violation, whichever is greater, payable to the consumer.  D.C. Code § 28-3905(k)(1)(A).  In this case, Plaintiff's actual damages total $12.49, the price Plaintiff paid for MigreLief.  (Complaint ¶ 14.)  Therefore, Plaintiff will be entitled to statutory damages of no more than $1,500 per violation should she prevail on her claims.

In order to reach the jurisdictional threshold of $75,000, Defendants attempt to aggregate the damages to each consumer with the damages to Plaintiff.  Defendants contend that it is proper to do so because the Defendants "are alleged to have violated the law, *inter alia*, with each sale of the subject product, and more than fifty units of the product were sold within the three years preceding the filing of the Complaint."  (Notice of Removal ¶ 5.)  The Defendants mischaracterize the allegations of the Complaint. Nowhere in the Complaint is it alleged that each sale of MigreLief constitutes a separate violation of the law.  Plaintiff simply asks that statutory damages be awarded "as prescribed by" the DCCPPA.[1]  (Complaint, Prayer for Relief.)  For the reasons stated below, the general diversity statute does not authorize aggregation in this case in order to meet the amount-in-controversy requirement of $75,000, exclusive of costs and interest.

The diversity statute does not generally allow claims of individual plaintiffs to be aggregated in order to meet the jurisdictional threshold for the amount-in-controversy requirement.[2]  Although not every plaintiff must separately meet the amount-in-controversy for a district court to have subject matter jurisdiction, *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 559 (2005), *at least one plaintiff* must independently meet the requirement.  *Zahn v. International Paper Co.*, 414 U.S. 291, 295 (1973)(holding that the general diversity statute "forbid[s] aggregation of claims where

---

[1] Due to a typographical error, the Complaint improperly refers to D.C. Code § 28-2905(k)(1), rather than § 28-3905(k)(1).

[2] Individual claims may be aggregated to invoke federal jurisdiction under the Class Action Fairness Act of 2005 (CAFA), Pub. L. No. 109-2, 119 Stat. 4, if, *inter alia*, the amount in controversy exceeds $5,000,000.  The Defendants, however, have not alleged that federal jurisdiction exists under CAFA.

none of the claimants satisfies the jurisdictional amount"); *Scott v. Frazier*, 253 U.S. 243,

244 (1920)(holding that no federal jurisdiction exists where "[t]here is no allegation that

the loss or injury to any claimant amounts to the sum of [the jurisdictionally required

amount]"); *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 59 (CA2 2006)(*citing id.*)("the

general diversity statute . . . requires at least one claim to meet the amount-in-controversy

minimum of $75,000").


    Although an exception to the non-aggregation rule exists, it is not applicable to this

case. In *Kopff*, this Court considered whether plaintiffs' claims under the Telephone

Consumer Protection Act, 47 U.S.C. §§ 201, *et seq.* (TCPA) should be aggregated.[3]  298

F. Supp. at 55.  The Court concluded that the two plaintiffs' claims should be

aggregated.  In that matter, the faxes at issue were all sent to *the same machine*, which the

two married plaintiffs shared in the ordinary course of their business, which they also

shared.  *Id.* at 57.  The Court differentiated the plaintiffs' claim to "transmissions to the

single fax machine, rather than from their *individual* receipt of an unsolicited

advertisement" (emphasis added) which would not be aggregated.  *Id.* at 56.  The Court

found that the plaintiffs' claim amounted to "an integrated claim—in other words, the

right is a collective right pursuant to which one plaintiff's failure to collect his share

increases the remaining plaintiffs' damages."  In actions brought under the DCCPPA,

representative claims are not ordinarily considered to be integrated claims because the

damages provisions of the Act do not on their face "set up the 'joint, common or

derivative right in a single res'."  *Reigner v. Ingersoll-Rand Corp.*, 461 F. Supp. 2d. 1, 2

---

[3] The plaintiff also alleged violations under the DCCPPA, but the Court found the
allegations under the TCPA alone sufficient to meet the amount-in-controversy.

(D.D.C. 2004).  Only where a complaint has additionally sought a common and undivided remedy such as disgorgement of profits has a complaint under the DCCPPA been found to fall within the exception to the non-aggregation rule.  *Williams v. Purdue Pharma Co.*, 2003 U.S. DIST LEXIS 19268 (D.D.C. Feb. 27, 2003) at *12-19.  Unlike *Williams*, Plaintiff in this case does not seek to recover damages for District of Columbia consumers who purchased MigreLief "all moneys acquired" by defendants through sales in the District of Columbia.  Thus, this suit "seeks damages for individual consumers, not disgorgement.  It does not seek to establish a joint or common right in a common fund." 461 F. Supp. 2d. at 2.

Defendants present no evidence to show that the amount in controversy for any one plaintiff exceeds $75,000.  "A defendant who removes a case from state to federal court has the burden of establishing the basis for federal subject matter jurisdiction, and if a plaintiff challenges the existence of federal jurisdiction, as have the plaintiffs here, the defendant must present *evidence* that the jurisdictional requirements are met. In connection with the amount in controversy requirement, it is not enough to point to a *possibility* that a plaintiff's claim could reach $ 75,000.  Rather, the evidence must establish at least a "reasonable probability" that the amount in controversy requirement is satisfied." *In re Bridgestone/Firestone, Inc., Tire Products Liability Litigation*, 256 F. Supp. 884, 890 (S.D. IND 2003)(internal citation omitted) (emphasis in original).

Plaintiff purchased one bottle of MigreLief and therefore the correct amount of statutory damages for purposes of diversity jurisdiction is $1,500.  Although there does

not appear to be any controlling case law defining what is meant by the phrase "per violation," this Court need not resolve the issue at this time. The Defendants read the Complaint as alleging that a violation would occur "with each sale of the subject product." (Notice of Removal ¶ 5.) Because Plaintiff Moorby purchased only one unit of the product, the correct amount of statutory damages for evaluating whether this Court has subject matter jurisdiction under the general diversity statute is $1,500.

C. Punitive Damages

Defendants propose that punitive damages in this case will exceed $75,000. (Notice of Removal ¶ 5.) This number represents over fifty times the amount of statutory damages and over 5,000 times the amount of actual damages. Such high multipliers for the calculation of federal jurisdiction under the diversity statute are excessive and would violate the Due Process clause of the U.S. Constitution. *See Hunter v. D.C.*, 384 F. Supp. 2d. 257, 259-62 (D.D.C. 2005). This case is similar to *Wexler v. United Airlines, Inc.*, 496 F. Supp. 2d. 150, 2007 U.S. DIST LEXIS 55028 (D.D.C. Jul. 31, 2007) in which the Complaint did not quantify the amount of punitive damages requested. In *Wexler*, the defendant proposed in its Notice of Removal punitive damages of ten times the price of the consumer's purchase in calculating the amount-in-controversy for purposes of diversity jurisdiction. This Court, noting that the defendant provided no evidentiary support for its figure, refused to consider punitive damages in determining the amount in controversy. *Wexler* at *10. Similarly, the Defendants in this case provide no

13

evidentiary support for their assertion that the punitive damages sought by Plaintiff would exceed $75,000. The standard for determining the amount of punitive damages under the DCCPPA depends on the amount of actual damages awarded, the frequency, persistence, and degree of intention of the merchant's unlawful trade practice, and the number of consumers adversely affected. *D.C. Cablevision Ltd. P'shp v. Bassin*, 828 A.2d 714, 728 (D.C. 2003). Aside from stating that at least fifty units of the product were sold in the past three years, the Defendants state no facts that would be relevant to any of the factors considered in determining the amount of punitive damages. Therefore, this Court should not include punitive damages in calculating the jurisdictional amount-in-controversy.

III.    The Claims in the Complaint Do Not "Arise Under" Federal Law

The existence of a federal question is governed by the well-pled complaint rule which holds that federal question jurisdiction exists "only when a federal question is presented on the face of a plaintiff's properly pled complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff's Complaint states causes of action only under the DCCPPA and not under any federal statute. Generally, a case does not arise under federal law unless the federal law created the cause of action. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8 (1983). Neither the complaint nor Defendants' notice of removal allege that any of plaintiff's causes of action are created by federal statute.

14

An exception to the well-pled complaint rule exists, but is to be narrowly construed. In *Merrell Dow Pharmaceuticals v. Thompson*, 478 U.S. 804 (1986), the Supreme Court held that "a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'" Id. at 817. This Court subsequently held, citing *Merrell Dow*, that a claim under the DCCPPA for violation of the Federal Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 301, *et seq.* (FDCA) arises under District rather than federal law and therefore is not properly removed under 28 U.S.C. § 1331. *Williams* at *11-12. The legislative history of the FDCA has been repeatedly analyzed by the courts and found to convey no Congressional intent to create a private, federal cause of action for violations of the Act. *See, e.g. National Women's Health Network v. A.H. Robins Co.*, 545 F. Supp. 1177, 1179-80 (D. Mass 1982).

The Complaint also alleges that Defendants have violated the Federal Trade Commission Act, 15 U.S.C. § 45 (FTCA). As with the FDCA, there is no private right of action under the FTCA. *Holloway v. Bristol-Myers Corp.*, 485 F.2d 986 (D.C. Cir. 1973). Only the Federal Trade Commission is authorized to commence civil action for recovery of penalties for violations of the FTCA. *Id.*; 15 U.S.C. § 45(m). Accordingly, under *Merrell Dow*, a state law unfair trade practices claim alleging a violation of the FTCA does not confer federal question jurisdiction. *Haun v. Don Mealey Imps.*, 285 F. Supp. 2d 1297, 1308 (M.D. FL 2003); *Dean v. American Gen. Fin.*, 1996 U.S. DIST

15

LEXIS 701 at **7-8 (M.D. ALABAMA Jan. 23, 1996); *Austin v. American Gen. Fin.*, 900 F. Supp. 396, 399 (M.D. ALABAMA 1995).

Defendants cite *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005) in their Notice of Removal, but do not explain why the case supports removal. (Notice of Removal ¶ 2.)  *Grable & Sons* involved real propery seized by the IRS to satisfy Grable's federal tax delinquency.  545 U.S. at 310.  The Supreme Court defined the issue in the case very narrowly: "The question is whether want of a federal cause of action to try claims of title to land obtained at a federal tax sale precludes removal to federal court of a state action with non-diverse parties raising a disputed issue of federal title law."  *Id.*  This Court recently affirmed that *Grable & Sons* applies to a very small number of cases: "Given the nature of its subject matter, it is clear that *Grable* applies to a very narrow category of cases."  *Wexler* at *5.  The Supreme Court has also made clear that the basis of its holding in *Grable & Sons* was that the "dispute there centered on the action of a federal agency (IRS) and its compatibility with a federal statute, the question qualified as 'substantial,' and its resolution was both dispositive of the case and would be controlling in numerous other cases."  *Empire HealthChoice Assur., Inc. v. McVeigh*, 126 S. Ct. 2121, 2137 (2006).  The present case, unlike *Grable & Sons*, does not involve actions of a federal agency and its compatibility with a federal statute; does not involve a "substantial" question of federal law; and is not dispositive of the case.  The burden of showing a "substantial" question of federal law is on the party seeking removal. *Bhagwanani v. Howard Univ.*, 355 F. Supp. 2d 294, 299 (D.D.C. 2005).  Defendants cannot meet their burden by merely citing *Grable & Sons* without any supporting

16

analysis.  Moreover, there is no "substantial" question of federal law involved in the

present case because "the congressional determination that there should be no federal

remedy for the violation of this federal statute is tantamount to a congressional

conclusion that the presence of a claimed violation of the statute as an element of a state

cause of action is insufficiently 'substantial' to confer federal-question jurisdiction."

*Merrell Dow*, 478 U.S. at 814.  *See also Green v. Wachovia Bank N.A.*, 2007 U.S. Dist.

LEXIS 32164 (D.D.C.  May 2, 2007)(holding that no substantial question of federal law

exists where the relevant federal statute did not create a private cause of action that

encompassed the plaintiff's claim).  Therefore, this Court does not have federal-question

jurisdiction merely because proof of a violation of a federal statute is a necessary element

under D.C. Code § 28-3904(x). Finally, resolution of the federal legal issues is not

dispositive because two of Plaintiff's three causes of action do not involve federal law as

a necessary element of the claim. (Complaint ¶¶ 47-55.)


IV.    An Award of Attorney Fees is Appropriate in This Case


An order remanding a removed case to state court "may require payment of just costs

and actual expenses, including attorney fees, incurred as a result of the removal."  28

U.S.C. § 1447(c).  Although § 1447(c) provides little guidance as to when an award of

fees is appropriate, the Supreme Court recently laid out the proper standard for

determining when such fees are warranted.  *Martin v. Franklin Capital Corp.*, 546 U.S.

132 (2005).  In *Martin*, the Supreme Court held that as a general rule, "the standard for

awarding fees should turn on the reasonableness of the removal." *Id.* at 140. The moving party's removal need not rise to the level of being "frivolous, unreasonable, or without foundation" to justify an award of fees. *Id.* at 138.

The case here bears a striking resemblance to *Clean Air Council v. Sniffex, Inc.*, 2006 U.S. DIST LEXIS 52293 at *11 (M.D. PA July 28, 2006). In *Clean Air Council*, the removing party sought removal on the basis of diversity and federal question jurisdiction. The removing party argued that in plaintiffs' class action suit, where each plaintiff sought approximately $1,500 in damages, the claims of each plaintiff should be aggregated for the purpose of meeting the $75,000 jurisdictional threshold. The removing party there, as here, did not invoke the CAFA, which permits aggregation of claims where total damages exceed $5,000,000. The court ruled that, in light of *Exxon Mobil*, 545 U.S. 546, and the removing party's failure to invoke the Class Action Fairness Act, the removing party had no objective basis for attempting to aggregate the plaintiffs' claims and therefore an award of attorney fees was appropriate. Similarly in *Tires Prods. Liab. Litig.*, 256 F. Supp. 2d. at 900, the court awarded attorney fees under § 1447(c), where the removing party improperly relied on an attempt to aggregate plaintiffs' claims. Defendants do not even attempt to argue why aggregation is appropriate in this case, let alone cite any legal authority. A party's failure to support its removal petition with legal authority justifies an award of attorney fees. *Johnson-Brown*, 257 F. Supp.2d at 177.

Additionally, in unusual circumstances, such as where the removing party fails to disclose facts necessary to determine jurisdiction, a court may award fees despite the

presence of an objectively reasonable basis for removal. *Martin* at 138. Aside from the irrelevant statement that over fifty units of the product have been sold, Defendants do not allege a single fact to support their claim that the $75,000 threshold has been met for any single plaintiff.

With respect to federal-question jurisdiction, the Supreme Court's holding in *Merrell-Dow* is directly on point— a claim does not "arise under" federal law merely because a violation of federal law is a necessary element of a state law cause of action. This Court's holding in *Williams* applied *Merrell-Dow* to DCCPPA claims alleging violations of the FDCA and found no federal-question jurisdiction— the identical situation to the present case. *Grable & Sons*, which bears little resemblance to the present case, did not overturn *Merrell-Dow*, and Defendants' mere citation to it, without explanation, cannot turn an objectively unreasonable removal into a reasonable one.

## CONCLUSION

The Defendants' Notice of Removal does not carry Defendants' burden of showing that this Court has diversity jurisdiction in the instant case and is contrary to well-settled law with regard to both the diversity and federal question statutes. It is not supported by legal authority and lacks merit. Therefore, this Court should remand the case to the Superior Court for the District of Columbia and order Defendants to pay Plaintiff's costs and actual expenses, including attorney fees, incurred as a result of Defendants' attempt to remove the case to this Court.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Jamie Moorby                      )
                                   )
         PLAINTIFF        )  No. 07-cv-1596 (PLF)
     vs.                      )
Quantum, Inc., et al.        )
                                   )
        DEFENDANTS    )
                                   )
                                   )
                                   )

## **PROPOSED ORDER**[1]

Upon consideration of "Plaintiff's Motion to Remand and for Award of Costs," the opposition thereto and the record before this Court, it is this _____ day of _____, 20__ hereby

ORDERED that the motion is granted, and it is

FURTHER ORDERED that:

This action be and the same hereby is remanded to the Superior Court for the District of Columbia; and it is FURTHER ORDERED that:

Defendants pay Plaintiff the costs and expenses, including reasonable attorney's fees, she incurred as a result of Defendants' improper removal of this case to this Court in an amount to be determined by the Court; and it is

FURTHER ORDERED that:

---

[1] NOTE: This proposed order is modeled on the order entered by Judge Urbina in Johnson-Brown v. 2200 M Street LLC, et al., 257 F. Supp.2d 175 (D.D.C. 2003).

By _____, 20___ the Plaintiff file an itemized list of costs and expenses related to the Defendants' removal; and it is

FURTHER ORDERED that by _____, 20___, Defendants may file a response to Plaintiff's list of itemized expenses not to exceed three (3) pages in length, which shall be limited to the narrow issue of the appropriate calculation of the compensatory sum owed to Plaintiff.

SO ORDERED:


_____
Judge Friedman
United States District Judge

Please serve:
Robert P. Reznick
James A. Graffam
HUGHES HUBBARD & REED LLP
1775 I Street, N.W.
Washington, D.C. 20006

David L. Durkin
Kathryn E. Balmford
OLSSON FRANK WEEDA TERMAN BODE MATZ PC
1400 16th St., N.W., Suite 400
Washington, DC 20036

Jeffrey Light
PATIENTS NOT PATENTS, INC.
1712 I Street, N.W.
Washington, D.C. 20006