# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Jamie Moorby | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. 07-1596 (PLF) |
| vs. | ) | |
| | ) | |
| Quantum, Inc. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Vitamin Shoppe Industries Inc. | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

## DEFENDANT VITAMIN SHOPPE INDUSTRIES INC.'S MOTION TO EXTEND TIME FOR RESPONDING TO PLAINTIFF'S MOTIONS TO REMAND AND FOR ATTORNEY FEES

Defendant Vitamin Shoppe Industries Inc. ("Vitamin Shoppe") hereby moves for an order extending the time within which to oppose Plaintiff's i) Motion To Remand and For Attorney Fees, and its separate ii) Motion for Attorney Fees, which oppositions are currently due October 17 and 18, 2007, respectively. The brief extension requested herein reflects the fact that discussions regarding a resolution of this case have been active and ongoing between Plaintiff and Vitamin Shoppe, and only this past Friday did counsel for Plaintiff unilaterally declare them to be at an "impasse." Those discussions, moreover, will be significantly affected by the fact that counsel for Plaintiff, having already acknowledged in response to a Rule 11 warning that certain allegations of wrongdoing in the complaint are false, and having taken other allegations under advisement in light of the warning, has stated orally and in writing that he intends to seek to amend the complaint in ways that are not presently known.

Notwithstanding counsel for Plaintiff's admission that its Complaint fails to satisfy Rule 11 in at least one particular, his consideration of the consistency of its remaining allegations with Rule 11 in light of materials and information provided to him by Defendants, his stated intent to seek to amend the Complaint, and the ongoing discussions between the parties regarding resolution of the case, Plaintiff on October 9, 2007 refused to agree to a ten-day extension of time within which Vitamin Shoppe must respond to the pending motions. No reason was given for this refusal.

For the foregoing reasons, Vitamin Shoppe requests that the date for filing its oppositions to its pending motions be extended to a date to be set following the meet-and-confer status conference set for 9 a.m. on October 23, 2007.

In further support of its motion, Vitamin Shoppe respectfully refers the Court to the Memorandum of Points and Authorities and the Proposed Order filed herewith.

Dated: October 15, 2007                      Respectfully submitted,

                                             HUGHES HUBBARD & REED LLP

                                             By: _/s/ Robert P. Reznick_____

                                             Robert P. Reznick (295691)
                                               reznick@hugheshubbard.com
                                             James Graffam (499262)
                                               graffam@hugheshubbard.com
                                             1775 I Street, N.W.
                                             Washington, D.C.  20006
                                             (202) 721-4740;
                                             Facsimile (202) 721-4646

                                             Counsel of Record for Defendant
                                             Vitamin Shoppe Industries Inc.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jamie Moorby ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Civil Action No. 07-1596 (PLF) |
| vs. ) | |
| ) | |
| Quantum, Inc. ) | |
| ) | |
| and ) | |
| ) | |
| Vitamin Shoppe Industries Inc. ) | |
| ) | |
| DEFENDANTS. ) | |
| ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT VITAMIN SHOPPE INDUSTRIES INC.'S MOTION TO EXTEND TIME FOR
RESPONDING TO PLAINTIFF'S MOTIONS TO REMAND AND FOR ATTORNEY FEES**

In support of its Motion To Extend Time for Responding to Plaintiff's Motions To

Remand and for Attorney Fees, Defendant Vitamin Shoppe Industries Inc. ("Vitamin Shoppe")

hereby states the following:

**BACKGROUND**

Plaintiff in this case alleges that a nutritional supplement, MigreLief®, manufactured by

Defendant Quantum, Inc. ("Quantum") and sold to Plaintiff by Vitamin Shoppe at its single retail

location in the District of Columbia, is an "adulterated" and "misbranded" food within the

meaning of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. Sec. 301 *et seq*. ("FFDCA")

Complaint ¶¶ 46, 60. The basis of this claim is that three ingredients of MigreLief® are

allegedly "new dietary ingredients" within the meaning of section 413 of the FFDCA. *Id.* ¶¶ 37-

44.  The suit was filed in D.C. Superior Court, with jurisdiction for the sole claim against Vitamin Shoppe based on a "borrowing" provision of the District of Columbia Consumer Protection Procedures Act, D.C. Code § 28-3904(x), that makes the sale of a product that violates federal law *ipso facto* a violation of District of Columbia law as well.  Complaint ¶ 57. Vitamin Shoppe removed the case to this Court on September 7, 2007.  It Answered on September 27, 2007, denying the allegations that it violated the law and arguing, among other things, that Plaintiff's claims were preempted by federal law.

The parties participated in a Rule 16.3 conference on October 2, 2007.  Prior to the conference, counsel for Plaintiff was provided with materials demonstrating that the ingredients of MigreLief® identified in the Complaint were not "new dietary ingredients," and that the allegations in the Complaint to the contrary were false.  *See* October 15, 2007 Declaration of David L. Durkin ("Durkin Decl."), attached as Exhibit A, at ¶ 4.  At the conference, Plaintiff was placed on notice that the allegations of the Complaint regarding MigreLief® could not be maintained consistent with Fed. R. Civ. Pro. 11.  *Id.* ¶ 5.  Moreover, counsel for Defendants further advised that, based on information provided by counsel for Plaintiff at the conference, Defendants believed that Plaintiff had failed to conduct a reasonable investigation of the truth of the allegations of the Complaint prior to its being filed.[1]  *Id.* ¶ 5.

Counsel for Plaintiff conceded at the conference that the allegations regarding at least one of three ingredients of MigreLief®, riboflavin (Vitamin $B_2$), were false, and that Plaintiff would seek to amend her Complaint to remove at least that allegation.[2]  *Id.* ¶ 6.  Counsel for Plaintiff

---

[1] Vitamin Shoppe deems the Rule 11 notice to have been given to Plaintiff on behalf of all defendants, and that the notice will survive the expected dismissal of Quantum pursuant to the Consent Motion to Dismiss Quantum, Inc. that is pending before the Court.

[2] In a draft Rule 16.3 Joint Report provided to counsel for Vitamin Shoppe this past Friday, October 12, Plaintiff has confirmed in writing her intention to seek to amend the Complaint "to narrow the legal and factual issues."  See Exhibit B at ¶ 2.  Again, however, there is no indication of what allegations the putative new Complaint will or will not contain.

took under advisement the proffer with respect to the remaining allegations regarding the ingredients of MigreLief®, and said that he was not prepared yet to state which, if any, of those allegations could be made consistent with Rule 11. *Id.* ¶ 6. Plaintiff filed her Motion to Remand and for Attorney Fees the day after the Rule 16.3 conference, on October 3.

Counsel for Plaintiff and for Vitamin Shoppe commenced discussions regarding the resolution of this case at the October 2 Rule 16.3 conference, and those discussions proceeded on an ongoing basis. On October 9, Plaintiff wrote to counsel for Vitamin Shoppe, expressing the opinion that "I think we are very close to reaching an agreement." *See* October 9, 2007 Email from Jeffrey Light, Esq. to Robert P. Reznick, Esq., Attached as Exhibit C.[3] Indeed, Plaintiff filed a consent motion to dismiss Vitamin Shoppe's co-defendant, Quantum, on October 11. Nevertheless, discussions between Plaintiff and Vitamin Shoppe did not come to fruition, and just this past Friday, October 12, counsel for Plaintiff unilaterally declared those discussions to be at an "impasse." *See* October 12, 2007 Email from Jeffrey Light, Esq. to Robert P. Reznick, Esq., Attached as Exhibit D.[4]

While discussions between Plaintiff and Vitamin Shoppe were underway, on October 9, 2007, counsel for Vitamin Shoppe requested a ten-day extension of time within which to respond to Plaintiff's pending motions. Cited as reasons for the request were the pendency of settlement discussions and substantial travel commitments on the part of counsel for Vitamin Shoppe, both of which suggested that the brief extension "would serve the interests of economy." *See* October 9, 2007 Email from Robert P. Reznick, Esq. to Jeffrey Light, Esq., attached as Exhibit E.[5] Plaintiff's counsel refused to agree to the request for an extension: "Please be advised that we will not consent to an extension of time to file a response to the remand motion." *See*

---

[3] The October 9 Email has been redacted to delete material that may be considered subject to Fed. R. Ev. 408(a)(2).
[4] The October 12 Email has been redacted to delete material that may be considered subject to Fed. R. Ev. 408(a)(2).
[5] The October 9 Email has been redacted to delete material that may be considered subject to Fed. R. Ev. 408(a)(2).

October 9, 2007 Email from Jeffrey Light, Esq. to Robert P. Reznick, Esq., attached as Exhibit F. No explanation for the refusal to agree to the extension was provided.

**DISCUSSION**

Plaintiff and Vitamin Shoppe actively engaged in good faith discussions regarding the disposition of this case between October 2 and October 12. Plaintiff's two motions for remands and for costs were filed on October 3 and 4, respectively. During the period when discussions were ongoing, counsel for Plaintiff expressed the view that the parties were "very close to reaching an agreement," and apparently an agreement between Plaintiff and Defendant Quantum was indeed reached. Vitamin Shoppe, disinclined to expend the resources to oppose the motion to remand a case as to which such discussions were underway, sought a brief extension. Plaintiff refused, without explanation, to agree to one. Vitamin Shoppe does not know why counsel for Plaintiff did not extend this modest and seemingly reasonable courtesy. Perhaps the opportunity to impose needless costs and an artificial deadline on an opponent was considered a good negotiating strategy to improve Plaintiff's leverage in ongoing settlement discussions. If so, Vitamin Shoppe respectfully disagrees. With counsel for Plaintiff now considering discussions between the parties to be at an "impasse," at least for the time being, Vitamin Shoppe requests that the Court extend the deadline for responding to the pending motions so that Vitamin Shoppe may now give the motions the attention they deserve.

The appropriateness of an extension is underscored by the odd procedural status of the Complaint, which Plaintiff has already admitted does not currently satisfy the requirements of Rule 11, and has already committed to seek to amend in some way that it has not yet described. Indeed, whether Plaintiff believes that it can maintain *any* of the allegations of the Complaint consistent with Rule 11 remains a matter of pure speculation – the materials provided to counsel

for Plaintiff regarding the ingredients of MigreLief® surely suggest that she cannot. Either way, discussions between the parties aimed at resolving the case without the need for briefing and deciding the motion to remand will be profoundly affected by the promised amendment to the Complaint, which Plaintiff has stated will "narrow the legal and factual issues."

**CONCLUSION**

For the foregoing reasons, Vitamin Shoppe requests that its obligation to respond to Plaintiff's two pending motions be extended to a time to be set by the Court following the meet-and-confer status conference scheduled to occur eight days from today, on October 23. At that time Plaintiff can advise the Court of its intentions to seek to amend the Complaint, and the Court can determine what course is best calculated to serve the interests of justice.

Dated: October 15, 2007

Respectfully submitted,

HUGHES HUBBARD & REED LLP

By:   /s/ Robert P. Reznick

Robert P. Reznick (295691)
  reznick@hugheshubbard.com
James Graffam (499262)
  graffam@hugheshubbard.com
1775 I Street, N.W.
Washington, D.C.  20006
(202) 721-4740
Facsimile (202) 721-4646

Counsel of Record for Defendant
Vitamin Shoppe Industries Inc.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Jamie Moorby )
                )
           PLAINTIFF, )       Civil Action No. 07-1596 (PLF)
                )
         vs. )       **[PROPOSED] ORDER**
                )
Quantum, Inc. )
                )
and )
                )
Vitamin Shoppe Industries Inc. )
                )
          DEFENDANTS. )
                )

### [PROPOSED] ORDER

Upon consideration of the Motion of Defendant Vitamin Shoppe Industries Inc.

("Vitamin Shoppe") To Extend Time for Responding to Plaintiff's Motions To Remand and For

Attorney Fees, and it appearing to the Court that the parties have been engaging in good faith

discussions aimed at resolving this case, and that Plaintiff has represented that she intends to

amend her Complaint in ways that are not currently known, it is hereby:

ORDERED, that Vitamin Shoppe's time for responding to Plaintiff's Motion To Remand

and For Attorney Fees and Motion for Attorneys Fees is extended to a date to be set by the Court

following the meet-and-confer status conference set for 9 a.m. on October 23, 2007.

Dated: _____            _____
                                                   U.S.D.J.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Jamie Moorby | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. 07-1596 (PLF) |
| vs. | ) | |
| | ) | |
| Quantum, Inc. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Vitamin Shoppe Industries Inc. | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| _____ | ) | |

**DEFENDANT VITAMIN SHOPPE INDUSTRIES INC.'S MOTION TO EXTEND TIME FOR RESPONDING TO PLAINTIFF'S MOTIONS TO REMAND AND FOR ATTORNEY FEES**

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Jamie Moorby                   )
                             )
              PLAINTIFF,     )
                             )     Civil Action No. 07-1596 (PLF)
          vs.                )
                             )     **DECLARATION OF DAVID L. DURKIN**
Quantum, Inc.             )
                             )
and                      )
                             )
Vitamin Shoppe Industries Inc.  )
                             )
           DEFENDANTS.  )
                             )

## DECLARATION OF DAVID L. DURKIN

I, David L. Durkin, hereby declare:

1.     I am a principal in the law firm of Olsson Frank Weeda Terman Bode Matz PC. I have personal knowledge of the facts contained within this declaration, and if called and sworn as a witness, I could and would testify competently thereto.

2.     I am an attorney for Quantum, Inc. ("Quantum"), which was originally named as a defendant in this action. A Consent Motion to Dismiss Quantum, Inc. was filed by Plaintiff on October 11, 2007.

3.     This action involves allegations that the ingredients of MigreLief®, a dietary supplement distributed by Quantum, are "new dietary ingredients" within the meaning of section 413 of the Federal Food, Drug, and Cosmetic (FD&C) Act, 21 U.S.C. § 350b, and as a consequence MigreLief® is an "adulterated" and "misbranded" food and

00025924.DOC

may not lawfully be introduced into interstate commerce. Complaint Paragraphs 37-46, 57-61. In its Answer to the Complaint, Quantum denied those allegations.

4.    Pursuant to LCvR 16.3, I participated in a conference with counsel for Plaintiff and counsel for Defendant Vitamin Shoppe Industries Inc. on October 2, 2007. Prior to this meeting, counsel for Quantum provided Plaintiff's counsel with publicly available materials that demonstrated that the ingredients of MigreLief® were not "new dietary ingredients" within the meaning of the FD&C Act and that the allegations of the complaint were not true and could not be proved.

5.    Based on these materials, counsel for Quantum provided notice to Plaintiff's counsel at the conference that none of Plaintiff's allegations as described above could be maintained consistent with Fed. R. Civ. Pro. 11. In addition, based on information provided at the conference, counsel for defendants further advised counsel for Plaintiff that his failure to undertake an investigation of the truthfulness of such allegations of the complaint prior to its filing separately violated Rule 11.

6.    At the conference, counsel for Plaintiff agreed that the allegations of the complaint relating to one of MigreLief®'s ingredients, riboflavin, also known as vitamin $B_2$, were incorrect. He stated that Plaintiff would seek to amend the complaint to remove those allegations. Moreover, he agreed to review further the materials that counsel for Quantum had previously provided, and the further information that had been provided to him by counsel for the defendants, to determine which, if any, of the violations of federal law alleged in the complaint could be pursued.

7.    As of the date of execution of this declaration, I am not aware of Plaintiff having either sought to amend the complaint or advised Defendants of the allegations that the putative amended complaint would contain.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on October 15, 2007.

_David L. Durkin._

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Jamie Moorby | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. 07-1596 (PLF) |
| vs. | ) | |
| | ) | |
| Quantum, Inc. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Vitamin Shoppe Industries Inc. | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| _____ | ) | |

**DEFENDANT VITAMIN SHOPPE INDUSTRIES INC.'S MOTION TO EXTEND TIME FOR**
**RESPONDING TO PLAINTIFF'S MOTIONS TO REMAND AND FOR ATTORNEY FEES**

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Jamie Moorby | ) | |
| | ) | |
| PLAINTIFF | ) | No. 07-cv-1596 (PLF) |
| vs. | ) | |
| Quantum, Inc., et al. | ) | |
| | ) | |
| DEFENDANTS | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**JOINT REPORT OF PARTIES UNDER LOCAL RULE 16.3**

In accordance with this Court's Order of September 28, 2007, counsel for both

Plaintiff and Defendant[1] met on October 2, 2007 and conferred about the scheduling of

pretrial matters.  Agreement was reached on all matters required to be discussed under

Local Rule 16.3:

1. **Whether the Case is Likely to be Disposed of by Dispositive Motion**

The parties agree that this case is likely to be disposed of by dispositive motion.

2. **Date for Joinder of Other Parties & Amendment of Pleadings; Narrowing of**
   **Factual or Legal Issues**

The date by which any other parties shall be joined or the pleadings amended:

_____.  Plaintiff anticipates amending the Complaint to narrow the legal and

---

[1] Defendant Quantum, Inc. was also present at the conference but has subsequently been
dismissed from this case with prejudice on _____ _____, 2007 upon motion by Plaintiff.
The term "parties" as used herein refers only to the present parties, Plaintiff Ms. Moorby
and Defendant Vitamin Shoppe Industries, Inc.

factual issues.  The parties do not anticipate joinder of other parties.

3.  **Assignment to Magistrate Judge**

The parties have agreed that this matter should not be referred to a magistrate judge.

4.  **Realistic Possibility of Settlement**

The parties agree that there is no realistic possibility of settling the case at this time.

5.  **Alternative Dispute Resolution**

The parties agree that it is unlikely that this case would benefit from the Court's ADR procedures or some other form of ADR.

6.  **Resolution By Summary Judgment/Motion to Dismiss and Proposed Schedule**

The parties agree that this case can be resolved by summary judgment or motion to dismiss.  The proposed dates for a decision on the motions is: _____

7.  **Initial Disclosures**

The parties agree that the initial disclosures required by 26(a)(1) should not be dispensed with, and that there should be no changes to the scope, form or timing of these disclosure.

8.  **Discovery**

The parties anticipate that discovery as to the facts of the case will take 6 months and that discovery as to experts will take 2 months.

9.  **Exchange of Expert Witness Reports**

The parties agree that the requirement of exchange of expert witness reports under Rule 26(a)(2) should not be modified.  The parties agree that depositions of experts should occur on _____.

10. **Class Action**

Not applicable.

11. **Bifurcation of Discovery and/or Trial**

The parties agree that the trial and discovery should not be bifurcated or managed in phases.

12. **Date of Pre-Trial Conference**

The parties agree on September ____, 2008 as the date for the pretrial conference.

13. **Trial Date**

The parties agree that the Court should not set a firm trial date at the first scheduling conference.  The parties agree that a trial date should be set at the pretrial conference.

14. **Other Matters**

The parties agree that there are no other matters that are appropriate for inclusion in a scheduling order.

Dated: October __, 2007

Respectfully submitted,


__/s/ Robert P. Reznick____                    __/s/ Jeffrey Light_____

Robert P. Reznick                              Jeffrey L. Light
D.C. Bar #295691                               D.C. Bar #485360
James A. Graffam
D.C. Bar # 499262

HUGHES HUBBARD & REED LLP                      PATIENTS NOT PATENTS, INC.
1775 Eye St., NW                               1712 Eye St., NW, Suite 915
Washington, DC 20006                           Washington, DC 20006
(202) 721-4740                                 (202)277-6213

Counsel for Defendant Vitamin Shoppe           Counsel for Plaintiff Jamie Moorby
Industries, Inc.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Jamie Moorby ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Civil Action No. 07-1596 (PLF) |
| vs. ) | |
| ) | |
| Quantum, Inc. ) | |
| ) | |
| and ) | |
| ) | |
| Vitamin Shoppe Industries Inc. ) | |
| ) | |
| DEFENDANTS. ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯) | |

**DEFENDANT VITAMIN SHOPPE INDUSTRIES INC.'S MOTION TO EXTEND TIME FOR
RESPONDING TO PLAINTIFF'S MOTIONS TO REMAND AND FOR ATTORNEY FEES**

# EXHIBIT C

**Reznick, Robert**

---

**From:**    Jeffrey Light [jeff@patientsnotpatents.org]
**Sent:**    Tuesday, October 09, 2007 1:42 PM
**To:**    Reznick, Robert
**Subject:** Re: Moorby v. Quantum

Robert:

I think we are very close to reaching an agreement.

**Redacted**

*"Reznick, Robert" <reznick@hugheshubbard.com>* wrote:

Jeff:

Please substitute this draft letter from Vitamin Shoppe's general counsel for the one I sent with my prior note; it contains an editing error and is wrong.  Apologies.

Rob

<<Proffer.DOC>>

---

Robert P. Reznick
Hughes Hubbard & Reed LLP
1775 I Street, N.W.
Washington, D.C.  20006-2401
202.721.4740
Fax 202.721.4646
Email reznick@hugheshubbard.com

*********************************************************************
This email and any files transmitted with it may contain privileged or confidential information.
Use, disclosure, copying or distribution of this message by anyone other than the intended
recipient is strictly prohibited. If you have received this email in error please notify the sender by
reply email and destroy all copies of this message in your possession, custody or control.
*********************************************************************

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Jamie Moorby | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| vs. | ) |
| | ) |
| Quantum, Inc. | ) |
| | ) |
| and | ) |
| | ) |
| Vitamin Shoppe Industries Inc. | ) |
| | ) |
| DEFENDANTS. | ) |
| | ) |

Civil Action No. 07-1596 (PLF)

**DEFENDANT VITAMIN SHOPPE INDUSTRIES INC.'S MOTION TO EXTEND TIME FOR RESPONDING TO PLAINTIFF'S MOTIONS TO REMAND AND FOR ATTORNEY FEES**

# EXHIBIT D

## Reznick, Robert

**From:**   Jeffrey Light [jeff@patientsnotpatents.org]
**Sent:**   Friday, October 12, 2007 3:56 PM
**To:**   Reznick, Robert
**Cc:**   Graffam, James
**Subject:**  Re: Moorby v. Vitamin Shoppe Industries, Inc.

I suppose we are at an impasse then.  I will work on the Rule 16.3 Joint Report and send you a draft as soon as I can.

*"Reznick, Robert" <reznick@hugheshubbard.com>* wrote:

Jeff:

**Redacted**

I have been traveling most of this week and am returning today on an afternoon flight.  Kindly copy my colleague James Graffam, whom you met at my office, on any response so we can be sure to give it prompt attention.  Thanks.
Rob

<<Proffer.DOC>> <<Proffer Transmittal.DOC>>

**********************************************************************
This email and any files transmitted with it may contain privileged or confidential information. Use, disclosure, copying or distribution of this message by anyone other than the intended

recipient is strictly prohibited. If you have received this email in error please notify the sender by
reply email and destroy all copies of this message in your possession, custody or control.
*******************************************************************

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Jamie Moorby ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Civil Action No. 07-1596 (PLF) |
| vs. ) | |
| ) | |
| Quantum, Inc. ) | |
| ) | |
| and ) | |
| ) | |
| Vitamin Shoppe Industries Inc. ) | |
| ) | |
| DEFENDANTS. ) | |
| _____ ) | |

**DEFENDANT VITAMIN SHOPPE INDUSTRIES INC.'S MOTION TO EXTEND TIME FOR
RESPONDING TO PLAINTIFF'S MOTIONS TO REMAND AND FOR ATTORNEY FEES**

# EXHIBIT E

**Reznick, Robert**

| | |
|---|---|
| **From:** | Reznick, Robert |
| **Sent:** | Tuesday, October 09, 2007 10:26 AM |
| **To:** | 'Jeffrey Light'; jeffrey.light@yahoo.com |
| **Subject:** | Moorby v. Quantum, Inc. |

Jeff:


**Redacted**


To that end, I must ask if you would also consent to our extending the defendants' time for responding to your remand motion by ten days. I'm afraid my reason is practical and a bit personal. I'm heading out of town today for the rest of the week and I'm also out of town three days the week after that. Although I'll be on my Email, it would be a bit difficult for me to get the effort together. Especially with our discussions ongoing, and I hope soon to lead to a resolution, I think this extension would serve the interests of economy.

Thanks. We appreciate your counter-offer and likewise hope you appreciate our efforts to be responsive to it.

Rob


**Redacted**

---

Robert P. Reznick
Hughes Hubbard & Reed LLP
1775 I Street, N.W.
Washington, D.C. 20006-2401
202.721.4740
Fax 202.721.4646
Email reznick@hugheshubbard.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Jamie Moorby | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. 07-1596 (PLF) |
| vs. | ) | |
| | ) | |
| Quantum, Inc. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| Vitamin Shoppe Industries Inc. | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| _____ | ) | |

**DEFENDANT VITAMIN SHOPPE INDUSTRIES INC.'S MOTION TO EXTEND TIME FOR**
**RESPONDING TO PLAINTIFF'S MOTIONS TO REMAND AND FOR ATTORNEY FEES**

# EXHIBIT F

## Reznick, Robert

| | |
|---|---|
| **From:** | Jeffrey Light [jeff@patientsnotpatents.org] |
| **Sent:** | Tuesday, October 09, 2007 1:52 PM |
| **To:** | Reznick, Robert |
| **Subject:** | request for extension of time |

Robert:

Please be advised that we will not consent to an extension of time to file a response to the remand motion. We will, however, use our best efforts to make sure the case will be dismissed as to Vitamin Shoppe before the deadline for filing your opposition to the remand.

Jeff

***"Reznick, Robert" <reznick@hugheshubbard.com> wrote:***

Jeff:

Please substitute this draft letter from Vitamin Shoppe's general counsel for the one I sent with my prior note; it contains an editing error and is wrong. Apologies.

Rob

<<Proffer.DOC>>

_____

Robert P. Reznick
Hughes Hubbard & Reed LLP
1775 I Street, N.W.
Washington, D.C. 20006-2401
202.721.4740
Fax 202.721.4646
Email reznick@hugheshubbard.com

*******************************************************************
This email and any files transmitted with it may contain privileged or confidential information. Use, disclosure, copying or distribution of this message by anyone other than the intended recipient is strictly prohibited. If you have received this email in error please notify the sender by reply email and destroy all copies of this message in your possession, custody or control.
*******************************************************************