UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jamie Moorby                                PLAINTIFF     vs. Quantum, Inc., et al.                                DEFENDANTS | ) ) ) No. 07-cv-1596 (PLF) ) ) ) ) ) ) ) ) ) |

**JOINT REPORT OF PARTIES UNDER LOCAL RULE 16.3**

In accordance with this Court's Order of September 28, 2007, counsel for both Plaintiff and Defendant[1] met on October 2, 2007 and conferred about the scheduling of pretrial matters. Agreement was reached on all matters required to be discussed under Local Rule 16.3:

1. **Whether the Case is Likely to be Disposed of by Dispositive Motion**

The parties agree that this case is likely to be disposed of by dispositive motion.

2. **Date for Joinder of Other Parties & Amendment of Pleadings; Narrowing of Factual or Legal Issues**

The date by which any other parties shall be joined or the pleadings amended: October 23, 2007. Plaintiff anticipates amending the Complaint to narrow the legal and

---

[1] Defendant Quantum, Inc. was also present at the conference but has subsequently been dismissed from this case with prejudice on October 15, 2007 upon motion by Plaintiff. The term "parties" as used herein refers only to the present parties, Plaintiff Ms. Moorby and Defendant Vitamin Shoppe Industries Inc.

factual issues. The parties do not anticipate joinder of other parties.

3. **Assignment to Magistrate Judge**

The parties have agreed that this matter should not be referred to a magistrate judge.

4. **Realistic Possibility of Settlement**

The parties have conducted discussions regarding the disposition of this case that have not been successful to date. The parties do not rule out having further discussions. Defendant Vitamin Shoppe Industries Inc. ("Vitamin Shoppe") qualifies its statement by noting that Plaintiff has indicated its intention to seek leave to amend the Complaint, and that changes to the Complaint on the scale expected are likely to influence discussions between the parties.

5. **Alternative Dispute Resolution**

The parties agree that it is unlikely that this case would benefit from the Court's ADR procedures or some other form of ADR.

6. **Resolution By Summary Judgment/Motion to Dismiss and Proposed Schedule**

The parties agree that this case can be resolved by summary judgment or motion on the pleadings. The proposed dates for filing such motions is: August 1, 2008. Vitamin Shoppe qualifies its statement by noting that Plaintiff has indicated its intention to seek leave to amend the Complaint, and that changes to the Complaint on the scale expected

may affect the period required for discovery and the date for filing dispositive motions.

7. **Initial Disclosures**

The parties agree that the initial disclosures required by 26(a)(1) should not be dispensed with, and that there should be no changes to the scope, form or timing of these disclosures.

8. **Discovery**

The parties anticipate that discovery as to the facts of the case will take approximately 6 months and that discovery as to experts will take 2 months. The parties thus contemplate a cut-off for fact discovery of April 30, 2008, and a cut-off for expert discovery of June 30, 2008. A protective order will be required to protect confidential business and medical information. Vitamin Shoppe qualifies its statement by noting that Plaintiff has indicated its intention to seek leave to amend the Complaint, and that changes to the Complaint on the scale expected may affect the period required for fact and expert discovery.

9. **Exchange of Expert Witness Reports**

The parties agree that the requirement of exchange of expert witness reports under Rule 26(a)(2) should not be modified, except that experts shall be designated and expert reports shall be exchanged within two weeks following the cut-off for fact discovery. The parties agree that depositions of experts should occur following the disclosure of the

expert reports.

10. **Class Action**

Not applicable.

11. **Bifurcation of Discovery and/or Trial**

The parties agree that the trial and discovery should not be bifurcated or managed in phases.

12. **Date of Pre-Trial Conference**

The parties agree on September 15, 2008 as the date for the pretrial conference.

13. **Trial Date**

The parties agree that the Court should not set a firm trial date at the first scheduling conference. The parties agree that a trial date should be set at the pretrial conference.

14. **Other Matters**

The parties agree that there are no other matters that are appropriate for inclusion in a scheduling order.

Dated: October __, 2007

Respectfully submitted,

| __/s/ Robert P. Reznick____ | __/s/ Jeffrey Light_____ |
|---|---|
| Robert P. Reznick<br>D.C. Bar #295691<br>James A. Graffam<br>D.C. Bar # 499262 | Jeffrey L. Light<br>D.C. Bar #485360 |
| HUGHES HUBBARD & REED LLP<br>1775 Eye St., NW<br>Washington, DC 20006<br>(202) 721-4740 | PATIENTS NOT PATENTS, INC.<br>1712 Eye St., NW, Suite 915<br>Washington, DC 20006<br>(202)277-6213 |
| Counsel for Defendant Vitamin Shoppe Industries Inc. | Counsel for Plaintiff Jamie Moorby |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jamie Moorby )<br>)<br>PLAINTIFF )<br>vs. )<br>Quantum, Inc., et al. )<br>)<br>DEFENDANTS )<br>)<br>)<br>)<br>_____) | No. 07-cv-1596 (PLF) |

**[PROPOSED] SCHEDULING ORDER**

After a scheduling conference held in open Court on October 23, 2007 and upon consideration of the parties' joint report to the Court following their conference held under Fed. R. Civ. P. 16(f) and Local Rule LCvR 16.3, it is this \_\_\_\_ day of October, 2007 hereby

ORDERED that:

1. The parties shall make initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by October 19, 2007.

2. The deadline by which any other parties shall be joined or the pleadings amended shall be October 23, 2007.

3. Fact discovery shall commence on November 1, 2007 and shall be completed by April 30, 2008.

4. Plaintiff and Defendant shall disclose by May 14, 2008 the identification of retained experts, if any, respective vitae, and contractual agreements regarding the nature and scope of expert services, pursuant to Fed. R. Civ. P. 26(a)(2)(A).

Exchange of expert reports shall occur on May 14, 2008. Plaintiff shall designate rebuttal experts, if any, and disclose any such rebuttal experts and exchange reports of any such rebuttal experts by May 21, 2008. No such rebuttal expert shall be eligible to testify in Plaintiff's case-in-chief. Deposition of experts shall occur no sooner than May 14, 2008 and no later than June 30, 2008.

5. All parties have advised the Court that they believe that all issues in the case can be resolved by the filing of cross-motions for summary judgment or upon motions for judgment on the pleadings. If no experts are designated, the parties shall file any dispositive motions within 60 days after the completion of discovery. If Plaintiff or Defendant designates one or more experts, the parties shall file any dispositive motions by August 1, 2008. Oppositions to any dispositive motions shall be due within 30 days of the filing of a motion, and any reply shall be due within 21 days of filing of an opposition.

6. If needed, a pretrial conference shall be had before the Court on September 15, 2008 at 9 A.M. Counsel who will try the case must attend. The Court will set a trial date at the pre-trial conference. A pretrial statement shall be filed and served by each party at least 11 days before the conference in the manner prescribed in Local Rule 16.5.

7. Pursuant to Fed. R. Civ. P. 16(e), this Order shall control the course of this action unless modified by subsequent Order.

SO ORDERED:

_____

                                                                               Judge Friedman  
                                                        United States District Judge

Please serve:  
Robert P. Reznick  
James A. Graffam  
HUGHES HUBBARD & REED LLP  
1775 I Street, N.W.  
Washington, D.C. 20006  

Jeffrey Light  
PATIENTS NOT PATENTS, INC.  
1712 I Street, N.W.  
Washington, D.C. 20006