UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jamie Moorby ) | |
| ) | |
| PLAINTIFF ) | No. 07-cv-1596 (PLF) |
| ) | |
| vs. ) | |
| ) | |
| Quantum, Inc., et al. ) | |
| ) | |
| DEFENDANTS ) | |
| ) | |

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT VITAMIN SHOPPE INDUSTRIES, INC.'S MOTION TO EXTEND TIME FOR RESPONDING TO PLAINTIFF'S MOTIONS TO REMAND AND FOR ATTORNEY FEES

Preliminary Issues

On October 15, 2007, Defendant Vitamin Shoppe Industries, Inc. ("Defendant" or "Vitamin Shoppe") moved for an extension of time to file its response to Plaintiff's Motion to Remand and For Attorney Fees and the allegedly separate Motion for Attorney Fees. Plaintiff, however, did not make a separate motion for attorney fees. Rather, the day after Plaintiff filed her Motion to Remand and For Attorney Fees, the Clerk created a new docket entry with the text "Motion for Attorney Fees" which referred to Plaintiff's earlier motion. See Docket Entry [10]. Because Vitamin Shoppe does not need to respond twice to a single Motion for Attorney Fees, this Court should deny as unnecessary the portion of Defendant's motion for an extension of time that refers to Plaintiff's separate motion.

Defendant also miscalculates the date on which its response to Plaintiff's motions is due. In its Motion to Extend Time, Vitamin Shoppe states that its opposition to Plaintiff's Motion to

-1-

Remand and for Attorney Fees is due on October 17, 2007. Def. Vitamin Shoppe Inc.'s Mot. To Extend Time for Resp. to Pl.'s Mot. To Remand and for Att'y Fees, (hereinafter "Motion for Extension of Time"). However, Defendant's opposition was due on October 15, 2007, the Monday following the expiration of 11 days from the filing of Plaintiff's motions. *See* LCvR 11(b); Fed. R. Civ. Proc. 6(a).

Discussion

Vitamin Shoppe has failed to make a convincing case as to why this Court should grant its motion. In support of its position, Defendant argues that it should be granted an extension of time because Plaintiff has expressed an intent to amend the Complaint; settlement discussions between the parties have occurred; and one of the lawyers representing Vitamin Shoppe has been traveling. Because none of these reasons justify an extension of time, this Court should exercise its discretion in denying Defendant's motion.

*The Effect of Potential Amendments to Plaintiff's Complaint*

Vitamin Shoppe argues that it was unable to respond to Plaintiff's Motion to Remand and for Attorney Fees because Plaintiff has expressed a desire to amend her complaint. Mem. P. & A. Supp. Def. Vitamin Shoppe Inc.'s Mot. To Extend Time for Resp. to Pl.'s Mot. To Remand and for Att'y Fees, (hereinafter "P & A for Motion for Extension of Time"), at 4. However, any amendment Plaintiff may make to the Complaint is irrelevant to the issue of remand, as only the complaint as filed at the time of removal is considered. "When a defendant removes a case to federal court, whether the federal court possesses jurisdiction over that case is determined by examining the face of the complaint and only the face of the complaint at the time of removal." Zuurbier v. Medstar Health, Inc., 306 F. Supp. 2d 1, 4 (D.D.C. 2004). Therefore, Defendant

cannot justify its request for an extension of time based on its claimed lack of information of future potential amendments.

Vitamin Shoppe paints Plaintiff's declared intent to amend her complaint as the result of an acknowledgment that she violated her duty under Fed. R. Civ. Proc. 11 duty to conduct an adequate inquiry before making allegations in the Complaint. Defendant apparently believes that such an admission would affect the merits of the present motion. It describes the present situation as having an "odd procedural status" because "Plaintiff has already admitted it does not currently satisfy the requirements of Rule 11." P & A For Motion for Extension of Time, 4. Just as the content of any potential amendment to the Complaint is irrelevant to the present motion, so is Plaintiff's motivation for submitting it. Defendant is simply trying to obfuscate the lack of merit of its Motion for Extension of Time by attacking the ethicality of Plaintiff's behavior.

While Plaintiff believes this motion is an inappropriate place to discuss the merits of Defendant's Rule 11 accusations, counsel for Plaintiff does wish to point out that he neither he nor Plaintiff herself have ever admitted that the Complaint is not in compliance with Fed. R. Civ. Proc. Rule 11. Counsel supposed admission was based on the fact that "Counsel for Plaintiff conceded at the conference that the allegations regarding at least one of three ingredients of MigreLief®, riboflavin (Vitamin B2), were false, and that Plaintiff would seek to amend her Complaint to remove at least that allegation." P & A For Motion for Extension of Time, 2. Not only is Defendant's accusation factually untrue, but it is quite puzzling, as the Complaint does not make any allegations regarding riboflavin, except that the MigreLief product purports to contain it. The Complaint does not allege that riboflavin is a new dietary ingredient or that its inclusion in MigreLief is in any way unlawful.

*Settlement Negotiations*

Plaintiff and Defendant Vitamin Shoppe conducted good faith negotiations in an attempt to resolve this case between October 2 and October 12, 2007.  Defendant cites these negotiations, which had ended three days prior to Defendant's filing of its Motion for an Extension of Time, as justification for why it did not timely file an opposition to Plaintiff's Motion to Remand and for Attorney Fees.  Motion For an Extension of Time, 2.  Defendant suggests that it "was disinclined to expend the resources to oppose the motion" (P & A for Motion For Extension of Time, 4) as a result of two October 9th emails from Plaintiff stating, "We will, however, use our best efforts to make sure the case is dismissed as to Vitamin Shoppe before the deadline for filing your opposition to the remand," (Motion for Extension of Time, Exhibit F) and "I think we are very close to reaching an agreement," (Motion for Extension of Time, Exhibit C) respectively.  Although Plaintiff did convey optimism in these statements about the progress of the negotiations as of October 9th, Vitamin Shoppe apparently disagreed and responded the next day expressing its belief that the parties were not near an agreement:  "I am happy to read that you think we are 'close' as to our positions, but I honestly can't see why you would say that, given your most recent proposal."  See Pl. Exhibit A, attached.  Two days later, Plaintiff, surprised by Defendant's estimation that the parties were not close as to their positions, described the situation as an "impasse."  (Motion for Extension of Time, Exhibit D).

Given its belief that the parties were not near an agreement, there is little justification for Defendant's decision not to timely oppose Plaintiff's Motion to Remand and for Attorney Fees before the deadline prescribed by the Federal Rules of Civil Procedure.  While Defendant also mentions that one of its lawyers, Mr. Robert Reznick, was traveling for several days, P & A For Motion For Extension of Time, 3, it does not explain why his co-counsel, Mr. James Graffam, or another lawyer at his firm, could not have prepared Defendant's opposition to Plaintiff's Motion

to Remand and for Attorney Fees in his absence. Preparation of such an opposition does not require knowledge of any of the facts of the case, but rather legal argument based only *on the face of the complaint*, in this case a 13-page document, double spaced. *See* Zuurbier, 306 F. at 4. Further, the deadline for filing its opposition was easily calculable, and Defendant has not suggested that Mr. Reznick's travel was unexpected.

Finally, it was Defendant that defined the parameters and legal issues involved in the Motion to Remand and for Attorney Fees were already limited by choosing to include or exclude arguments and allegations in its Notice of Removal. Presumably, Defendant conducted substantial research as to whether this Court has subject matter jurisdiction over this case prior to filing its Notice of Removal. Therefore, Defendant had ample time and foreknowledge of the arguments it would be making and should not be granted an extension of time.

*Expeditious Resolution of the Case*

Plaintiff has sought to conserve the resources of the Court and the parties by seeking an expeditious determination of the jurisdiction of this Court. If this Court lacks subject matter jurisdiction over the case, many issues will have to be re-litigated in D.C. Superior Court. To expedite the Court's consideration of its jurisdiction, Plaintiff has filed this Opposition promptly, only two days after Defendant submitted its Motion for an Extension of Time. Defendant characterizes Plaintiff's decision not to consent to an extension of time as forcing Defendant to comply with an "artificial deadline." P & A For Motion For Extension of Time, 4. The deadline for responding to a motion, of course, is set by the rules of this Court, not by Plaintiff and serves a valuable purpose. "The flow of cases through a busy district court is aided, not hindered, by adherence to deadlines." Spears v. City of Indianapolis, 74 F.3d 153, 157 (7th Cir, 1996).

Granting Defendant's pending motion for an extension of time would only serve to delay the urgent issue of whether this Court has subject matter jurisdiction.

*Relief Sought by Defendant*

Vitamin Shoppe initially sought consent from Plaintiff to extend the deadline for filing its opposition to Plaintiff's Motion to Remand and for Attorney Fees by 10 days. Motion for Extension of Time, 2. Defendant now seeks not only to extend the time by which it must file its opposition, but for an order which would prohibit the Court from even setting a new deadline before October 23, 2007. *Id*. Given that the current deadline for its response to Plaintiff's Motion to Remand and for Attorney Fees expired on October 15, 2007, the relief requested by Defendant would likely extend the deadline beyond the 10-day extension that Vitamin Shoppe itself initially asked for. If this Court believes Defendant should be granted an extension of time (which Plaintiff believes it should not), it should deny the relief requested by Defendant, and order Defendant's opposition to be filed on or before October 25, 2007.

Conclusion

Plaintiff respectfully requests that Defendant's Motion for an Extension of Time be denied. Even if this Court is convinced that Defendant's is entitled to an extension of time, the relief granted should extend the deadline only until October 25, 2007, the date which is 10 days from the recently passed deadline.

–7–

                    Respectfully Submitted,

                    /s/ Jeffrey Light

                    Jeffrey L. Light
                    D.C. Bar #485360
                    Patients not Patents, Inc.
                    1712 Eye St., NW
                    Suite 915
                    Washington, DC 20006
                    (202)277-6213

                    Attorney for Plaintiff

Dated: Oct. 17, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jamie Moorby )<br>)<br>PLAINTIFF )<br>vs. )<br>Quantum, Inc., et al. )<br>)<br>DEFENDANTS )<br>)<br>)<br>_____) | No. 07-cv-1596 (PLF) |

## **PROPOSED ORDER**

Upon consideration of the motion of Defendant Vitamin Shoppe Industries, Inc. ("Vitamin Shoppe") MOTION TO EXTEND TIME FOR RESPONDING TO PLAINTIFF'S MOTIONS TO REMAND AND FOR ATTORNEY FEES and Plaintiff's opposition thereto, and the record before this Court, it is this ____ day of _____, 20__ hereby

ORDERED that the motion is denied, and it is

FURTHER ORDERED that:

[Defendant, having failed to timely respond to Plaintiff's Motions to Remand and for Attorney Fees, is deemed to have conceded to Plaintiff's motions; and it is FURTHER ORDERED that:] OR

[Defendant shall file a response to Plaintiff's Motions to Remand and for Attorney Fees on or before October 25, 2007 and Plaintiff shall file a reply thereto on or before November 2, 2007; and it is FURTHER ORDERED that:]

Defendant is advised to follow the procedures set forth Fed. R. Civ. P. 11 if it wishes to allege violations of the same by Plaintiff or her counsel;

SO ORDERED:

_____

Judge Friedman
United States District Judge

Please serve:
Robert P. Reznick
James A. Graffam
HUGHES HUBBARD & REED LLP
1775 I Street, N.W.
Washington, D.C. 20006

Jeffrey Light
PATIENTS NOT PATENTS, INC.
1712 I Street, N.W.
Washington, D.C. 20006

–1–

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jamie Moorby ) | |
| ) | |
| PLAINTIFF ) | No. 07-cv-1596 (PLF) |
| ) | |
| vs. ) | |
| ) | |
| Quantum, Inc., et al. ) | |
| ) | |
| DEFENDANTS ) | |
| ) | |
| _____ ) | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT VITAMIN SHOPPE INDUSTRIES, INC.'S MOTION TO EXTEND TIME FOR RESPONDING TO PLAINTIFF'S MOTIONS TO REMAND AND FOR ATTORNEY FEES**

# EXHIBIT A

–1–