UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Jamie Moorby ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | Civil Action No. 07-1596 (PLF) |
| vs. ) | |
| ) | |
| Vitamin Shoppe Industries Inc. ) | |
| ) | |
| DEFENDANT. ) | |
| ) | |

**REPLY IN SUPPORT OF DEFENDANT VITAMIN SHOPPE INDUSTRIES INC.'S
MOTION TO EXTEND TIME FOR RESPONDING TO
PLAINTIFF'S MOTIONS TO REMAND AND FOR ATTORNEY FEES**

Defendant Vitamin Shoppe Industries Inc. ("Vitamin Shoppe") hereby replies as follows to Plaintiff's Memorandum of Points and Authorities in Opposition to Defendant Vitamin Shoppe Industries, Inc.'s Motion To Extend Time for Responding to Plaintiff's Motions To Remand and for Attorney Fees (Plf's Mem."):

Vitamin Shoppe has made a rather straightforward request for a brief extension of time to respond to Plaintiff's motion for remand and for costs. The request followed ongoing discussions between the parties aimed at resolving this case, and Vitamin Shoppe's desire to continue those discussions in the context of an amended complaint that Plaintiff first committed to file when presented with a Rule 11 warning, and has now committed in writing to file by this Tuesday, the date of the scheduled status conference in this case. Joint Report of Parties Under Local Rule 16.3 [Dkt. No. 13] ("Joint Report") ¶ 2. If, indeed, Plaintiff concludes that *any* claim can be brought against Vitamin Shoppe for its retail sale of one bottle of a nutritional supplement

in light of the Rule 11 proffer that has been made, Vitamin Shoppe continues to believe that it is sensible and efficient to see whether the case can be resolved before undertaking the time and expense of litigating Plaintiff's remand motion and requiring the court to decide it. The specific scheduling of any further talks and, if necessary, further briefing of Plaintiff's motion can be addressed at the status conference, along with the status of Rule 11 issues, which will survive as issues in this Court no matter what the disposition of Plaintiff's motion. *Willy v. Coastal Corp.*, 503 U.S. 131, 138 (1992) (district court retains jurisdiction to consider Rule 11 sanctions following determination that the court lacks subject matter jurisdiction over case, since issue does not involve adjudicating the merits of a "case or controversy").

We note for the record that Plaintiff's Opposition is wrong about the due date for Vitamin Shoppe's opposition to Plaintiff's motion,[1] Vitamin Shoppe's reasons for believing that the upcoming amendment is relevant to the motion for extension,[2] and Plaintiff's counsel's acknowledgment at the Rule 16.3 conference, in response to a Rule 11 warning, that the

---

[1] Although Plaintiff also cites a local rule that does not exist ("LCvR 11(b)") rather than the applicable one, LCvR 7(b), her principal error is to fail to recognize that Fed. R. Civ. P. 6(e) extends the time to act following electronic service of a motion by three days. *See Maupin v. U.S. Department of Energy*, No. Civ.A. 03-1156 (PLF), 2005 WL 3211883, at *1 (D.D.C. Nov. 18, 2005) (Friedman, J.). Plaintiff filed her motion to remand on October 3, 2007, and Vitamin Shoppe's opposition was therefore due on October 17, 2007, as stated in the motion for extension of time.

[2] Neither at page 4 of Vitamin Shoppe's memorandum, nor anywhere else, did Vitamin Shoppe state that it was "unable" to respond to the motion to remand given the promise of an amended complaint. *Cf.* Plf's Mem. at 2. Vitamin Shoppe's position is simply that discussions aimed at resolving the case commenced prior to the filing of the motion to remand ought to be allowed to continue in light of whatever allegations, if any, Plaintiff continues to believe that she may bring consistent with Rule 11.

Complaint was incorrect and would be amended.[3]  But these matters, if anything, are for another day.

Dated: October 22, 2007

Respectfully submitted,

HUGHES HUBBARD & REED LLP

By:   /s/ Robert P. Reznick

Robert P. Reznick (295691)
  reznick@hugheshubbard.com
James Graffam (499262)
  graffam@hugheshubbard.com
1775 I Street, N.W.
Washington, D.C.  20006
(202) 721-4740
Facsimile (202) 721-4646

Counsel of Record for Defendant
Vitamin Shoppe Industries Inc.

---

[3] The commitment of Plaintiff's counsel to seek and amendment of the complaint in light of the Rule 11 warning given to him, based both on misstatements in the complaint about MigreLief® and a failure to investigate the truthfulness of those allegations prior to the filing of the complaint, is documented in the declaration of one of the participants to that conference, and remains undisputed.  *See* Vitamin Shoppe's Motion For Extension of Time [Dkt. No. 12], Exhibit A (Declaration of David L. Durkin) ¶ 6.